# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 08-4305

ALAN MUSCH, on behalf of himself
and all others similarly situated,

*Plaintiff-Appellant,*

*v.*

DOMTAR INDUSTRIES, INCORPORATED,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 3:07-cv-00524-bbc—**Barbara B. Crabb,** *Chief Judge.*

ARGUED SEPTEMBER 24, 2009—DECIDED NOVEMBER 25, 2009

Before BAUER, KANNE and EVANS, *Circuit Judges.*

BAUER, *Circuit Judge.* Plaintiff-Appellant, Alan Musch, on behalf of himself and all others similarly situated (collectively "Plaintiffs"), seeks compensation for the time spent changing clothes and showering at the end of each work shift. The district court judge found that these activities were non-compensable postliminary activities, and entered summary judgment in favor of Defendant-Appellee, Domtar Industries. We affirm.

## I. BACKGROUND

Plaintiffs are hourly paid maintenance employees at Domtar's paper mills, located in Nekoosa and Port Edwards, Wisconsin. Musch alleges that Plaintiffs' clothing, skin, and hair are regularly exposed to hazardous chemicals such as calcium oxide (a/k/a lime dust) at these paper mills. Accordingly, in order to reduce exposure to hazardous chemicals, Plaintiffs shower and change their clothing before leaving the paper mill; they are not compensated for the time these ablutions take. Musch, on behalf of Plaintiffs, filed claims for overtime compensation under the federal Fair Labor Standards Act ("FLSA") and Wisconsin state law, contending that Domtar failed to pay Plaintiffs for: (1) time spent putting on and taking off their work clothes, safety shoes, and safety glasses before and after each workday; (2) time spent showering after each workday; and (3) time spent shaving as required by Domtar policy.

Domtar counters that such compensation is not appropriate because it has a policy that requires an employee, who has been exposed to a hazardous chemical on the job, to immediately remove any affected clothing, and wash the affected area. Domtar states that it compensates any employee for the time spent changing clothes and showering, if these activities are necessitated by exposure to a hazardous chemical, including any exposure that occurs at the end of the employee's workday. Therefore, according to Domtar's policy, if an employee knows that his skin has been exposed to a hazardous chemical, he is required to immediately shower and

change and is paid for such time, even if that time is post-shift, entitling the employee to overtime wages.

Domtar filed a motion for summary judgment on all of Plaintiffs' claims. The district court granted the motion in full, entered judgment in Domtar's favor, and denied Musch's motion for partial reconsideration of relief.

## II. DISCUSSION

On appeal, Musch challenges the district court's granting of summary judgment on the claim that Domtar should be required to pay maintenance employees for time spent changing clothes and showering at the end of their shifts, maintaining that these activities are required to limit exposure to hazardous chemicals. Musch also appeals the district court's denial of his motion for partial reconsideration.

### A. Post-Shift Activities

We review the district court's granting of summary judgment de novo, construing all facts and reasonable inferences in Musch's favor. *Piscione v. Ernst & Young, L.L.P.*, 171 F.3d 527, 532 (7th Cir. 1999). Summary judgment is proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that Domtar is entitled to judgment as a matter of law. Fed R. Civ. P. 56(c).

The FLSA requires employers to "pay their employees a wage for all the 'work' that they do." *Spoerle v. Kraft*

*Foods Global Inc.*, 527 F. Supp.2d 860, 862 (W.D. Wis. 2007) (citing 29 U.S.C. §§ 206, 207). While the FLSA does not specifically define "work," it has been defined as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." *Jonites v. Exelon Corp.*, 522 F.3d 721, 726 (7th Cir. 2008) (internal citations omitted). Like the FLSA, Wisconsin requires that employees be paid for all hours worked, and has adopted the same definition of compensable work. Wis. Stat. § 103.025 (2002); Wis. Admin. Code DWD § 272.12(a)(1) (West 2009).

Not all work-related activities constitute "work" that must be compensated. Under the FLSA, employers are not required to pay employees for the time spent performing "preliminary" or "postliminary" activities, which "occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities." 29 U.S.C. § 254(a)(2).

Ordinarily, washing up or showering "when performed under the conditions normally present" would be considered a "preliminary" or "postliminary" activity. 29 C.F.R. § 790.7(g); 29 C.F.R. § 785.24(c) ("if changing clothes is merely a convenience to the employee and not directly related to his principal activities, it would be considered as a 'preliminary' or 'postliminary' activity rather than a principal part of the activity"). However, an employee *can be compensated* for activities such as washing up or changing clothes if these activities are "integral" and

"indispensable" to that employee's employment. *IBP, Inc. v. Alvarez*, 546 U.S. 21, 29-30 (2005).

Musch seeks compensation for the time Plaintiffs spend on Domtar's premises changing their clothing and showering after their shift. The district court found that such time was not compensable under the FLSA and Wisconsin state law and stated in her Order:

> Plaintiffs' contention that they must shower at work at the end of their shift each day is based on their speculation that they may have hazardous chemicals on their skin. This contention fails . . . [because] it is based on speculation and not on evidence in the record.

Order at p. 18. Musch argues that the district court: (1) ignored or missed specific evidence in which Plaintiffs identified some of the chemicals on their skin at the conclusion of their work shift; and (2) made inferences and findings as to the weight of the evidence presented rather than the existence of such material evidence. Appellant's Brief at 6.

To support his argument, Musch cites to the following deposition testimony:

- During the course and scope of Plaintiffs' duties in the "recaust area", there is a potential for them to get lime dust on their work clothing and their skin. Deposition of Mikey Wert at 18-19, cited in Appellant's Brief at 6-7.

- There are occasions when an employee was unaware that chemicals were on him until he

changed his clothes in the locker room. Most of the time it would be oil and grease, but it could be black liquor, lime, coal dust, ash, or soot. Deposition of Rodney Nelson at 53-55, cited in Appellant's Brief at 8.

● There have been times when there has been a delayed reaction to being exposed to chemicals such as lime dust. Deposition of Jeffrey L. Grube at 39-40, cited in Appellant's Brief at 9.

● An employee showered every day after work because he did not want to enter his vehicle with dirty clothes and grease. He further stated that he didn't want to take the grease, lime dust, and chemicals into his vehicle or home. Deposition of Daniel F. Savage at 31, 60-61, cited in Appellant's Brief at 9.

● A manager would shower at the end of his workday if he got lime dust on him. Deposition of Wes Erickson at 12-13, 16, 31-32, cited in Appellant's Brief at 9-10.

Musch contends that this testimony presents specific evidence that Plaintiffs were exposed to chemicals such as lime dust, which they did not discover until the end of their work shift, and this exposure required them to change and shower at Domtar's premises. Appellant's Brief at p. 11. Musch submits that the frequency of exposure is an issue that goes to damages, not liability. *Id*.

We disagree. This testimony does not demonstrate that the daily post-shift activities of changing one's

clothes and showering are integral and indispensable to Plaintiffs' employment. Viewing the facts in the light most favorable to Musch, we can infer that *at times* Plaintiffs needed to shower at Domtar's premises, due to chemical exposure. However, to the extent that this testimony establishes that employees have been exposed (or could be exposed) to hazardous chemicals, requiring a change of clothes and shower, Musch fails to explain how Domtar's current policy regarding exposure to hazardous chemicals is insufficient. In addition, the record reveals that Plaintiffs bring their work clothes home to launder them, casting doubt on the contention that these clothes are regularly exposed to hazardous chemicals. We find that recovery under the FLSA and Wisconsin state law is not appropriate: Musch has failed to demonstrate that chemical exposure is so pervasive that it requires these post-shift activities, or that Domtar has refused to compensate an employee for the time spent in these post-shift activities following chemical exposure. Further, even if there was an occasion where an employee did not discover that he had been exposed to hazardous chemicals until after changing out of his work clothes, there is nothing that would stop him from seeking compensation for the time he spent changing and showering under Domtar's current policy.

In sum, Plaintiffs' daily post-shift activities are done "under normal conditions" and are merely postliminary non-compensable activities. See *Pirant v. U.S. Postal Serv.*, 542 F.3d 202, 208 (7th Cir. 2008). The district court properly granted summary judgment in favor of Domtar.

**B.  Motion for Partial Reconsideration**

We review the district court's decision to deny Musch's request for reconsideration under Fed. R. Civ. P. 60(b) for an abuse of discretion. *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 473 (7th Cir. 2008). Under Rule 60(b), a court may relieve a party from a final judgment or order based on, among other reasons, "mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial"; or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b).

Following the granting of summary judgment in favor of Domtar, Musch filed a motion under Rule 60(b), requesting partial reconsideration of relief, contending that he had newly discovered evidence in the form of deposition testimony from Domtar's expert. Specifically, Domtar's expert testified that *if* a maintenance employee is exposed to calcium oxide, the employee should wash it off immediately, and *if* a maintenance employee was covered in calcium oxide at the end of his shift, that employee should shower before leaving the premises. Deposition of Kay Rowntree at 42-43, 162, cited in Appellant's Brief at 13-14.

The district court denied relief under Rule 60(b)(2), reasoning that Musch failed to show that this deposition testimony could not have been discovered before the summary judgment deadline or before the district court issued its summary judgment order. Further, the

district court concluded that Musch merely rehashed the arguments he had made at summary judgment and failed to present evidence of extraordinary and exceptional circumstances under Rule 60(b)(6). In addition, the district court noted that in moving for reconsideration, Musch ignored Domtar's policy concerning exposure to hazardous chemicals.

We agree with the district court's reasoning, and find that there was no abuse of discretion in denying Musch's motion to reconsider.

## III. CONCLUSION

For the reasons stated above, we AFFIRM the district court.