LEE, District Judge.
Ryan DeKeyser, Thomas Cooper, Harley Granius, and Carlos Lantz sued their employer, Thyssenkrupp Waupaca, Inc. (“Waupaca”), an iron casting manufacturer, alleging that Waupaca violated the Fan-Labor Standards Act of 1938 (“FLSA”), 29 U.S.C. § 201 et seq., by not paying them overtime compensation for time they spent showering and changing clothes at Waupa-ca’s foundries. They represent a class (an “opt-in” class under 29 U.S.C. § 216(b)) of more than four hundred Waupaca foundry workers.
The district court granted summary judgment in favor of Waupaca, ruling that showering and changing clothes at Waupa-ca was not compensable under the FLSA because the Occupational Safety and Health Administration (“OSHA”), the administrative agency within the Department of Labor responsible for promulgating and enforcing occupational safety and health standards, had not mandated that workers in foundries like Waupaca’s shower and change clothes on-site. The district court so ruled despite the fact that there was a factual dispute in this case as to whether these activities significantly reduced workers’ health risks at Waupaca. Because OSHA’s decision not to promulgate a rule requiring such activities does not bar a party from presenting evidence as to the compensability of such activities under the FLSA and factual disputes otherwise preclude summary judgment, we reverse the district court’s grant of summary judgment and remand for further proceedings.
BackgRound
Waupaca manufactures iron castings used in the automotive and other industries. For safety, Waupaca provides certain employees in its six foundries with personal protective equipment (“PPE”), including hard hats, safety glasses, ear protection, steel-toed footwear, and 100% cotton clothing or a fire-retardant uniform. Waupaca requires these employees to wear PPE while working, and failure to comply with Waupaca’s safety standards can result in discipline. Waupaca also provides employees with locker rooms equipped with showers.
Typically, when foundry workers finish their shift making iron castings, they first clock out and proceed to Waupaca locker rooms, where they remove their uniforms and PPE, shower, and change into street clothes. Waupaca trains its employees about the hazards of the Waupaca work environment, including those associated with certain chemicals and dust to which some workers are exposed, and recommends that employees shower and remove their uniforms and PPE on-site. However, not all employees do so; some leave the foundry wearing their uniforms.
Plaintiffs argue that Waupaca must pay them overtime compensation for time spent showering and changing clothes at the foundry because these activities constitute compensable work under the FLSA. For its part, Waupaca moved for summary judgment, and the district court ruled in its favor. Plaintiffs appealed.
Discussion
We review the district court’s grant of summary judgment de novo, taking the facts and all reasonable inferences in *570 Plaintiffs’ favor. See Schaefer-LaRose v. Eli Lilly & Co., 679 F.3d 560, 571 (7th Cir.2012). Summary judgment is warranted when “the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c).
In 1938, Congress enacted the FLSA to provide employees “[a] fair day’s pay for a fair day’s work.” Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 739, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) (internal citation omitted). The FLSA’s two core provisions — the minimum wage provision and the overtime provision — require that employees receive a minimum wage for each hour that they are “employ[ed]” as well as a premium wage (one and one-half times the regular rate of pay) for each hour they are “employfed]” beyond forty hours in one work week. 29 U.S.C. §§ 206(a), 207(a). The FLSA defines the term “employ” as “to suffer or permit to work,” id § 203(g), but the Act does not define “work,” leaving a “critical hole that courts must fill.” Sandifer v. United States Steel Corp., 678 F.3d 590, 592 (7th Cir.2012), cert. granted — U.S. -, 133 S.Ct. 1240, 185 L.Ed.2d 177 (2013).
Here, citing Department of Labor regulations and authority from our sister circuits, the district court held that an employee’s activity constitutes compensable “work” under the FLSA if such activities are required by law, by the employer, or by the “nature of the work.”[1]
Applying the test to the facts of the case, the district court concluded that the appellants did not satisfy the first two elements, holding that neither the law nor Waupaca required employees to shower and change clothes on-site[2]. As for the third element, the district court held that whether the “nature of the work” required such on-site activities was “not a question that either a court or a jury is well-equipped to answer.” Recognizing the burdensome nature of discovery related to the health impacts of hazardous materials exposure and the difficulty of attributing any negative health impacts to an employee’s failure to shower and change clothes at work — as compared to health impacts due to ordinary exposure over the course of a typical workday — the district court *571 concluded that “the process of litigation is poorly suited to determining the practices and procedures that should be mandated to protect worker health and safety in the workplace on an industry-wide basis.”
Instead, the district court held that Congress, in enacting the Occupational Safety and Health Act, 29 U.S.C. § 651 et seq., intended OSHA to make such determinations through the regulatory process. Accordingly, the district court concluded that “the fact that OSHA has promulgated a standard for [hazardous material] exposure that does not mandate changing clothes and showering after work requires the conclusion that such activitiés are not required by the nature of the work.” The district court reached this conclusion despite what it would later characterize as a “sharp dispute” in the evidence as to whether changing clothes and showering actually reduced the health risks at Wau-paca. See Dekeyser v. Thyssenkrupp Waupaca, Inc., Case No. 08-C-488, 2012 WL 3880886, at *4 (E.D.Wis. Sept. 6, 2012.) This was error.
First, we cannot, as the district court did, draw any negative inferences from the absence of an OSHA standard requiring Waupaca foundry workers to shower and change clothes onsite. In Illinois Power Co. v. OSHA Review Commission, OSHA issued a citation and notification of penalty to an employer after an employee was electrocuted and killed while working on uncovered secondary voltage power lines. 632 F.2d 25, 26 (7th Cir.1980). OSHA had not prescribed covering secondary voltage lines, and the employer argued that this precluded the citation and penalty. Id. at 27-29. We held that “we are not entitled to draw, as the [employer] suggests we should, any negative inference from the absence of any OSHA standard for secondary voltages.” Id. at 29 (citing Nat’l Realty & Constr. Co., Inc. v. Occupational Safety & Health Review Comm’n, 489 F.2d 1257, 1261 (D.C.Cir.1973)).
Second, courts cannot ignore, as the district court did here, factual evidence and expert testimony offered by the parties to establish the compensability of an activity under the FLSA. Such evidence is frequently offered and considered in such cases. For example, in Musch v. Domtar Indus., Inc., paper mill employees brought FLSA overtime . compensation claims against their employer for time they spent showering and changing clothes at the mill after their work shifts. 587 F.3d at 858. There, we recognized that the parties had offered testimony regarding the health impacts of exposure to certain chemicals in the mill and considered the evidence when determining the compensability of the activities under the FLSA. Id. at 860-61.
Finally, although we recognize that cases such as this may implicate very difficult and complex scientific issues (on which the parties, and their retained scientific experts, will often disagree), courts cannot avoid discovery or expert testimony simply because such discovery or testimony may be costly, time consuming, or difficult to understand. See United States v. Hall, 93 F.3d 1337, 1342-43 (7th Cir.1996) (scientific evidence can pose “difficulties” for courts, but courts must assess it “whether it is hard to do or not”); United States v. Raszkiewicz, 169 F.3d 459, 465-66 (7th Cir.1999) (“The particular question posed here ... is a hard one. This does not give us an excuse to dodge the issue.”). Thus, the district court erred when it ignored the “sharp dispute” in the evidence as to the health effects of chemical exposure at Waupaca’s foundries and the impact, if any, that showering and changing clothes would have on Waupaca workers and granted summary judgment in the face of such factual disputes.
*572 Conclusion
For these reasons, we find that the district court erred in granting summary judgment in Waupaca’s favor. We remand this case for proceedings consistent with this opinion.

. In arriving at this tripartite test, the district court relied upon Ballaris v. Wacker Siltronic Corp., 370 F.3d 901, 910 (9th Cir.2004). Although we have had occasion to address whether certain activities constitute compen-sable "work” under the FLSA, we have not explicitly adopted the test espoused by the Ninth Circuit. See, e.g., Kellar v. Summit Seating, Inc., 664 F.3d 169, 174-75 (7th Cir.2011) (citing Dunlop v. City Elec., Inc., 527 F.2d 394, 398 (5th Cir.1976) and 29 C.F.R. § 790.8(c)); Musch v. Domtar Indus., Inc., 587 F.3d 857, 859-61 (7th Cir.2009); Pirant v. United States Postal Serv., 542 F.3d 202, 208-09 (7th Cir.2008). Because the parties do not challenge the district court's use of this test on appeal, we need not decide that issue here.

. Plaintiffs argue that the district court erred in concluding that the employees were not required to shower and change clothes on-site. Although Plaintiffs acknowledge that Waupaca did not have a policy expressly mandating such activities, Plaintiffs contend that the training and instructions Waupaca provided about the hazards of the work environment pressured employees into believing that such activities were required. Plaintiffs, however, have presented no training or instructional materials that mandated — as opposed to simply recommended — that the employees shower and change clothes on-site, and many of them left the foundry at the end of their shift without doing so. Plaintiffs also have offered no evidence that any Waupaca employees were disciplined for not showering and changing clothes before they left the workplace, even when pressed to do so at oral argument. Thus, the district court’s finding was not erroneous.