MANION, Circuit Judge,
concurring.
Before us on appeal is a district court order granting Rule 23 class certification for Wisconsin opt-ins at four Waupaca foundries located within the Eastern District of Wisconsin and partially granting the defendant’s motion to decertify the FLSA class for opt-ins outside Wisconsin. I write separately for two reasons. First, I reiterate my concerns about permitting class certification in this case, and to examine the plaintiffs’ legal theory which enables the Wisconsin claims to move forward on a class-wide basis. Second, I would like to caution against overreading today’s majority as an endorsement of a novel sever-and-transfer procedure not before this court.
As I noted in dissent the last time this case was on appeal, and as the majority notes today, this is an old case. DeKeyser v. Thyssenkrupp Waupaca, 735 F.3d 568, 572 (7th Cir. 2013). Many employees have undoubtedly left Waupaca, and it will be extraordinarily difficult to identify which former employees spent how much, if any, uncompensated time donning and doffing. Individual cases would be hard enough to prove, and determining damages for an “average” worker will likely be next to impossible. This high evidentiary burden is compounded by the legal theory underlying the commonality of the class. Plaintiffs have a common claim under Rule 23 and the FLSA only to the extent that they were all potentially harmed by Waupaca foundries so inundated with cupola dust that “the only reasonable thing” for each worker to do, “given the potential of exposure to materials known to be dangerous, is to shower and change clothes at work.” Dekeyer v. Thyssenkrupp Waupaca, Inc., 314 F.R.D. 449 (E.D. Wis. 2016). As the district court further noted, “the jury or other factfinder will not be required to accept Plaintiffs expert’s opinion with respect to the dangerousness of working in Waupaca’s foundries.” The plaintiffs have thus committed themselves to the claim that all workers in the four Wisconsin plants were put in equal danger from the cupola dust. So whether a worker did a night shift on the factory floor or office work during the day, plaintiffs have raised class claims certifiable under the FLSA and Rule 23. I thus agree with the majority that the part of the district court order granting class certification for the Wisconsin claims was proper.[1]
*924 But I caution against reading today’s decision as an endorsement of the irregular procedure employed in the case cited by the plaintiffs, Medina v. Happy’s Pizza Franchise, LLC, No. 10 C 3148, 2012 WL 379751 (N.D. Ill. Feb. 3, 2012). In this case, the district judge only partially de-certified the Tennessee and Indiana groups of opt-ins because the theory of certification for those two subclasses will likely be substantially different from the class certified .for the Wisconsin plaintiffs. Those two subclasses will have leave to amend their complaints. The single decer-tify-sever-and-transfer order employed in Medina, by contrast, would often result in the district judge stepping outside his role as an adjudicator between two parties. Here, FLSA subclasses are distinguished solely on the basis of the state residency of the plaintiffs.
Thus while it probably would be an abuse of discretion to partially decertify FLSA claims and immediately transfer those actions in a manner unsupported by the statute, that is not what is happening here. District judges retain “wide discretion to manage collective actions.” Alvarez v. City of Chicago, 605 F.3d 445, 449 (7th Cir. 2010). Further, civil actions may be transferred under 28 U.S.C. § 1404(a) for “the convenience of the parties and witnesses [where it is] in the interest of justice.” In this case, there has not yet been a transfer order. These claims are going back to the district court, where an amended complaint will be filed for each subclass of claims. On remand, the district judge and defendants will have a first bite at the apple in determining whether there are sufficiently pleaded allegations to sustain a cause of action for this subclass, and whether the subclass is certifiable under the FLSA or Rule 23. If the district judge determines that these cases can go forward, or decides to certify or transfer these cases, there will be additional opportunities to appeal. All that is before us now is the partial decertification order: all we have decided is that the Tennessee and Indiana subclasses do not have sufficient claims in common with the Wisconsin subclass to proceed as a single action. We have not decided that the Tennessee or Indiana subclasses have sufficient internal coherence to themselves be certifiable as classes. Such a decision, best left for the Tennessee or Indiana district courts, is down the road.
Undoubtedly, this case is a mess, and has gone on for far too long. While I concur that it was not an abuse of discretion to certify the Wisconsin plaintiffs under Rule 23, or to partially decertify the Indiana and Tennessee plaintiffs under the FLSA, I caution against overreading today’s majority as an endorsement of a novel procedure for avoiding local bars to relief.

. I do not think that Waupaca’s compliance with OSHA’s mandate that they simply recommend that their employees change clothes and shower is really not “in tension” with its central argument that doing so was not necessary to safely working at their foundries.