NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 6, 2018*
Decided November 8, 2018

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

| | |
|---|---|
| No. 18-2752 | |
| | Appeal from the United States District |
| JUSTIN H. KNOPP, | Court for the Northern District |
| *Plaintiff-Appellant*, | of Illinois, Eastern Division. |
| | |
| *v.* | No. 16-CV-2330 |
| | |
| WELLS FARGO BANK, N.A., et al., | **Sara L. Ellis**, |
| *Defendants-Appellees*. | *Judge*. |

## O R D E R

On June 1, 2018, we affirmed the district court's final judgment in favor of defendants. A week after the district court received our mandate, plaintiff Knopp filed a motion seeking relief under Federal Rule of Civil Procedure 60(b). The massive motion (about 480 pages, with exhibits) claimed that the newly-affirmed judgment had been obtained by fraud on the court and was erroneous in light of his new evidence. The key exhibit was an affidavit from a private investigator claiming that he had conducted a "forensic

---

* The panel that decided Appeal No. 17-3062 is treating this appeal as successive under this court's Internal Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2).

audit" of the documents for Knopp's loan and mortgage and had found flaws that render the loan unenforceable, at least by Wells Fargo. The district court denied plaintiff's motion. Knopp then filed this successive appeal, which has been briefed and is ripe for decision.

To obtain relief under Rule 60(b) on the grounds argued by plaintiff, the moving party must show that the supposedly new evidence is actually new or newly discovered and that he could not have discovered and presented it by acting with reasonable diligence. E.g., *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996); see also *Kennedy v. Schneider Electric*, 893 F.3d 414, 419 (7th Cir. 2018) (affirming denial of Rule 60 relief and award of Rule 11 sanctions against moving party's attorney). Defendants point out that the Federal Trade Commission has warned borrowers against the danger of fraudulent "forensic loan audits." See Federal Trade Comm'n, Forensic Loan Audits (March 2010), available at https://www.consumer.ftc.gov/articles/0130-forensic-loan-audits. Without exploring that problem or several other issues raised in the briefs, we agree with defendants' argument that plaintiff Knopp has failed to show that the supposedly new evidence was not available with reasonable diligence in time to present it to the district court before its original judgment. See, e.g., *Anderson v. Catholic Bishop of Chicago*, 759 F.3d 645, 653 (7th Cir. 2014) (affirming denial of Rule 60(b) relief where movant failed to show reasonable diligence regarding supposedly new evidence); *Musch v. Domtar Industries, Inc.*, 587 F.3d 857, 861 (7th Cir. 2009) (same, with respect to newly-offered expert opinion). That is a sufficient reason for us to conclude that the district court did not abuse its discretion in denying the Rule 60(b) motion.

The district court's denial of plaintiff's Rule 60 motion is AFFIRMED. Given the litigation history here, plaintiff should understand as he considers further steps that financial and other sanctions may be imposed in cases of frivolous litigation, and pro se litigants are not immune from those sanctions.