FIFTH DIVISION
March 19, 2010

No. 1-08-2986

| | | |
|---|---|---|
| BERTRAM GIBBS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| TOP GUN DELIVERY AND MOVING SERVICES, | ) | |
| INC., KEVIN DUNIGAN, and HARLEM | ) | |
| FURNITURE, INC., | ) | Honorable |
| | ) | Dennis J. Burke, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the opinion of the court:

Plaintiff Bertram Gibbs filed a negligence action against defendants Kevin Dunigan, Top Gun Delivery and Moving Services, Inc. (Top Gun), and Harlem Furniture, Inc. (Harlem), contending they were liable for injuries plaintiff suffered when a truck Dunigan was operating crossed the centerline and struck plaintiff's vehicle. Plaintiff alleged Dunigan was acting in his capacity as an agent of Top Gun while operating the truck. In his second amended complaint, plaintiff alleged Harlem was vicariously liable for Dunigan's actions because Dunigan, as an employee of Top Gun, was delivering furniture for Harlem pursuant to a written contract between Harlem and Top Gun. After plaintiff entered into a covenant not to enforce a judgment against either Top Gun or Dunigan with Safeco, Top Gun's and

1-08-2986

Dunigan's primary insurer, the trial court granted Harlem's motion to dismiss the entire action on the basis that "any settlement between the agent and the plaintiff must also extinguish the principal's vicarious liability." See American National Bank & Trust Co. v. Columbus-Cuneo-Cabrini Medical Center, 154 Ill. 2d 347, 355, 609 N.E.2d 285 (1993).

On appeal, plaintiff contends: (1) the trial court erred in applying the American National Bank & Trust Co. rule to the covenant not to enforce judgment agreement created in this case; (2) Harlem has waived or is estopped from asserting that the covenant agreement extinguished his liability; and (3) the trial erred in dismissing Top Gun and Dunigan from the suit. For the reasons that follow, we affirm the trial court's judgment.

BACKGROUND

On December 17, 2001, plaintiff Bertram Gibbs filed a complaint against defendants Kevin Dunigan, Enterprise Leasing Co., and Top Gun, alleging plaintiff was injured when the truck Dunigan was driving crossed the center line and struck plaintiff's vehicle. Plaintiff alleged in the original complaint that Dunigan was acting in his capacity as an agent of Enterprise and/or Top Gun while operating the truck. Top Gun admitted Dunigan was an employee at the time of the accident. Although Enterprise admitted it owned the truck Dunigan was operating,

-2-

Enterprise was granted summary judgment in an agreed order on March 18, 2003, on the basis that the vehicle was leased to Top Gun and under its control when the accident occurred.

On May 29, 2003, plaintiff was granted leave to file an amended complaint to add Harlem Furniture, Inc. (Harlem), as an additional defendant. At the time of the accident, Dunigan, as an employee of Top Gun, was delivering furniture for Harlem pursuant to a written contract between Harlem and Top Gun. Plaintiff alleged Harlem was vicariously liable for Dunigan's actions. On October 6, 2003, Harlem filed its answer to plaintiff's second amended complaint, denying Dunigan was an agent or subagent of Harlem. Harlem did not raise a right to implied indemnification from Dunigan or Top Gun in its answer.

On January 23, 2008, Top Gun and Dunigan filed a motion for good-faith finding. The motion alleged that plaintiff and Safeco Insurance Co. of Illinois (Safeco), as insurers for Dunigan and Top Gun, had entered into an agreement whereby Safeco would pay $735,000 to plaintiff in exchange for a covenant not to execute or enforce judgment above $735,000 against either Safeco or the insureds. The motion noted the total liability policy limit available to Dunigan and Top Gun under the Safeco policy was $750,000. Safeco agreed to pay the remainder of the policy, $15,000, to Enterprise to settle the property damage portion of

1-08-2986

this claim. Top Gun and Dunigan alleged the agreement was given in good faith within the meaning of the Illinois Joint Tortfeasor Contribution Act (Contribution Act) (740 ILCS 100/2(c) (West 2008)).

Attached to the motion was a document entitled "Covenant Not to Execute or Enforce Judgment." Under the terms of the covenant agreement, Safeco, as Top Gun's and Dunigan's insurer, agreed to pay plaintiff $735,000. In consideration for the payment, plaintiff agreed "not to execute any judgment" or "assign any right to recover or execute any judgment" against Safeco, Dunigan, or Top Gun. The covenant provided that upon execution of the agreement, plaintiff would:

> "execute a standard Satisfaction of Judgment
> [on Dunigan's and Top Gun's behalf] for any
> judgment and in any amount whatsoever that
> may be entered at the conclusion of case No.
> O1 L 16192 and/or any refiling of the same.
> Said satisfaction shall be executed and
> delivered upon entry of judgment in case #01
> L 16192 and/or any refiling of said action."

The covenant also provided:

> "Nothing is [sic] this agreement is intended
> to preclude Bertram Gibbs, his heirs or

-4-

assigns, from executing against Defendant

Harlem Furniture and/or its Insurer, Citizens

Insurance on any judgment in excess of the

[$735,000] paid as consideration for this

agreement."

Harlem filed a response to the motion for a good-faith finding, contending it was a named "Additional Insured" under the Safeco policy. Harlem contended Safeco, as Harlem's insurer, owed a fiduciary duty of good faith not to act contrary to Harlem's interests. Harlem contended that although the covenant agreement sought to protect the interests of its named insured and Dunigan, the agreement failed to protect Harlem's interests as an additional insured.

On February 14, 2008, plaintiff filed a reply brief in support of the motion for a good-faith finding. Plaintiff contended that he offered to accept Safeco's policy limits in exchange for a covenant not to execute on any judgment against defendants' Top Gun and Dunigan. Plaintiff explained the agreement came about after plaintiff advised Safeco that if Safeco did not offer its single limits and judgment was entered against the defendants in excess of said limits, plaintiff would attempt to satisfy such excess from Top Gun's or Dunigan's personal assets. Plaintiff contended the good-faith finding

1-08-2986

sought by Safeco "only protects the insurer from an action by the Plaintiff seeking to satisfy a judgment in excess of Safeco's policy limits." Plaintiff contended Harlem received the full benefit of its status under the Safeco policy, noting "the agreed payment of the policy limits reduces any recovery Plaintiff may make against Defendant Harlem by that amount (740 ILCS 100/2(c))."

On February 19, 2008, Harlem filed an amended response to the motion for a good-faith finding, requesting entry of a dismissal order. Harlem contended the covenant agreement constituted a settlement agreement whereby plaintiff specifically agreed not to enforce any judgment against Dunigan and Top Gun beyond $735,000 in exchange for a payment in that amount. Relying on Gilbert v. Sycamore Municipal Hospital, 156 Ill. 2d 511, 622 N.E.2d 788 (1993), Harlem contended plaintiff's covenant not to enforce a judgment against Dunigan is by law an agreement not to enforce any judgment against Harlem in excess of $735,000, extinguishing Harlem's liability. Harlem was granted leave by the trial court to file a motion to dismiss under section 2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-619 (West 2008)).

In his response to Harlem's motion to dismiss, plaintiff contended the covenant between plaintiff and Safeco did not

constitute a settlement. Plaintiff contended nothing in the covenant agreement limited the liability of Dunigan or Top Gun to Harlem for the full amount of any potential judgment, less set off, under the common law theory of quasi-contractual implied indemnity. Plaintiff stressed that the covenant did not release either Dunigan or Top Gun from liability.

Following a hearing, the trial court granted Harlem's motion to dismiss. The trial court found that, in effect, "the Covenant released Safeco and Defendants Dunigan and Top Gun, but attempted to preserve Plaintiff's right to pursue Defendant Harlem as Defendant Dunigan's principal," in violation of the rule established in Gilbert. On July 22, 2008, the court dismissed the entire cause of action.

Plaintiff filed a motion to reconsider, contending the trial court failed to comprehend the difference between a covenant not to sue and a covenant not to execute. In support of the motion, plaintiff attached documents from a separate three-count declaratory judgment action filed by Harlem's insurer, Citizens Insurance Co. of America, against Safeco, Top Gun, and Dunigan. The trial court denied plaintiff's motion to reconsider. Plaintiff appeals.

ANALYSIS

A section 2-619 motion to dismiss admits the legal

sufficiency of the complaint and raises defects, defenses, or other affirmative matters that defeat the claims. 735 ILCS 5/2-619(a)(9) (West 2008); Valdovinos v. Tomita, 394 Ill. App. 3d 14, 17, 914 N.E.2d 221 (2009). The question on review is whether a genuine issue of material fact precludes dismissal or whether dismissal is proper as a matter of law. Fuller Family Holdings, LLC v. Northern Trust Co., 371 Ill. App. 3d 605, 613, 863 N.E.2d 743 (2007). We review a trial court's judgment on a section 2-619 motion to dismiss de novo. Valdovinos, 394 Ill. App. 3d at 18.

I. American National Bank & Trust Co./Gilbert Rule

Plaintiff contends the trial court erred in dismissing the case based on the covenant not to enforce judgment agreement between plaintiff and Safeco. Specifically, plaintiff contends the covenant agreement did not constitute a settlement that extinguished Top Gun's or Dunigan's liability in this case.

Section 2(c) of the Illinois Contribution Act provides:

"When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the

-8-

1-08-2986

injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent that any amount stated in the release or covenant, or in the amount of consideration actually paid for it, whichever is greater."  740 ILCS 100/2(c) (West 2008).

In American National Bank & Trust Co., our supreme court noted that in vicarious liability cases, there is no apportionment of damages between the principal and the agent; instead, the principal has an implied, quasi-contractual right to indemnification against the agent.  In light of a principal's right to identification, the supreme court held that "if implied indemnity against an agent is not barred by a plaintiff's settlement with the agent, there is little to encourage the agent's desire to settle."  American National Bank & Trust Co., 154 Ill. 2d at 354.  Accordingly, the court held that where a plaintiff brings a respondeat superior claim against a principal, "any settlement between the agent and the plaintiff must also extinguish the principal's vicarious liability."  American National Bank & Trust Co., 154 Ill. 2d at 355, citing Bristow v. Griffitts Construction Co., 140 Ill. App. 3d 191, 488 N.E.2d 332 (1986).

In Gilbert, our supreme court recognized that although its decision in American National Bank & Trust Co. held a plaintiff's settlement with an agent extinguishes the principal's vicarious liability, its prior holding in Edgar County Bank & Trust Co. v. Paris Hospital, Inc., 57 Ill. 2d 298, 312 N.E.2d 259 (1974), still renewed the principal's liability if the covenant not to sue the agent expressly reserved the plaintiff's right to seek recovery from the principal.  The Gilbert court noted Edgar County Bank's result appeared to deny the employee the benefit of his covenant because he would still remain liable to the employer for indemnification.  Gilbert, 156 Ill. 2d at 528, citing Bristow, 140 Ill. App. 3d at 193.  After determining an agent would gain nothing for settling with a plaintiff unless the covenant not to sue also extinguished the principal's vicarious liability, the court held it could not allow this "catch 22" to remain unreconciled.  Gilbert, 156 Ill. 2d at 528.

The court determined the American National Bank & Trust Co. rule "stands regardless of whether the plaintiff's covenant not to sue the agent expressly reserves the plaintiff's right to seek recovery from the principal," overruling Edgar County Bank and its progeny.  Gilbert, 156 Ill. 2d at 528-29.  See also Doe v. Brouillette, 389 Ill. App. 3d 595, 605, 906 N.E.2d 105 (2009) ("The fact that the settlement orders in this case provided that

1-08-2986

the settlements did not affect the plaintiff's causes of action against [the principal] did not preserve them"); <u>Casey v. Forest Health System, Inc.</u>, 291 Ill. App. 3d 261, 264, 683 N.E.2d 936 (1997). In order to avert any possible injustice or hardship, the court held the decision would apply prospectively. <u>Gilbert</u>, 156 Ill. 2d at 529-30.

Similar to the principals in <u>Gilbert</u> and <u>American National Bank & Trust Co.</u>, Harlem's liability in this case depends solely on the common law doctrine of <u>respondeat superior</u>--that is, its alleged employment relationship with Dunigan--and not on any fault of its own. Therefore, the central issue in this case is whether the covenant agreement constituted a settlement sufficient to release Harlem--an alleged principal of Top Gun and Dunigan--from vicarious liability.

Under the terms of the covenant not to execute in this case, plaintiff agreed he would:

> "execute a standard Satisfaction of Judgment [on Dunigan's and Top Gun's behalf] for any judgment and in any amount whatsoever that may be entered at the conclusion of case No. O1 L 16192 and/or any refiling of the same. Said satisfaction shall be executed and delivered upon entry of judgment in case #01

L 16192 and/or any refiling of said action."

However, the covenant also provided:

> "Nothing is [sic] this agreement is intended
> to preclude Bertram Gibbs, his heirs or
> assigns, from executing against Defendant
> Harlem Furniture and/or its Insurer, Citizens
> Insurance on any judgment in excess of the
> [$735,000] paid as consideration for this
> agreement."

Plaintiff contends the terms of the covenant agreement indicate there was never an intention to "release" or "dismiss" Dunigan and Top Gun from liability; nor was the covenant intended to shield Dunigan and Top Gun from any subsequent indemnification claim by Harlem. Instead, plaintiff contends Dunigan and Top Gun entered into the covenant agreement to ensure they received the full benefit of the contested Safeco insurance policy, which in effect greatly reduced both their potential liability to plaintiff in the underlying action and in any possible implied indemnity action by Harlem. Plaintiff also contends a covenant not to enforce a judgment does not constitute a "settlement" under Illinois law because it does not "release" the defendant from liability.

Contrary to plaintiff's contention, Illinois courts have

recognized covenants not to enforce judgments as "settlements" under section 2 of the Contribution Act. See <u>Simpson v. Matthews</u>, 339 Ill. App. 3d 322, 329, 790 N.E.2d 401 (2003) ("Despite Simpson's and Reynold's adamancy that the agreement does not constitute a settlement, it clearly contains a promise that Simpson will not enforce a judgment against Reynolds in an amount in excess of $50,000–'you have agreed to accept that amount of money [policy limits] in full compensation of any settlement or judgment that might be rendered against my client, Alan Reynolds.' We find that the language of the agreement leaves little doubt that the agreement is a covenant not to enforce a judgment, thereby falling within section 2 of the Contribution Act"). Plaintiff has provided no authority to suggest a covenant not to enforce judgment cannot be considered a "settlement" under Illinois law.

Moreover, although we recognize the covenant agreement itself does not use the term "settlement," we note both plaintiff and Dunigan specifically referred to the covenant agreement as a "partial settlement" of the underlying action in their motions in support of a good-faith finding under the Contribution Act.

When construing a settlement agreement, our duty is to effectuate the intent of the parties to the agreement. <u>Henderson v. Roadway Express</u>, 308 Ill. App. 3d 546, 548, 720 N.E.2d 1108

(1999). "The intent of the parties must be determined from the plain and ordinary meaning of the language of the contract, unless the contract is ambiguous." Henderson, 308 Ill. App. 3d at 548.

If plaintiff obtained a judgment against Harlem under the theory of respondeat superior in this case, Harlem would be entitled to indemnification from Dunigan and Top Gun under the common law theory of quasi-contractual implied indemnity. See American National Bank & Trust Co., 154 Ill. 2d at 353-54. Although plaintiff contends the covenant agreement was not intended to shield Dunigan and Top Gun from any subsequent indemnification claim, plaintiff specifically agreed to provide Dunigan and Top Gun a standard satisfaction of judgment "for any judgment and in any amount whatsoever that may be entered at the conclusion of case No. 01 L 16192 and/or any refiling of the same." (Emphasis added.) Nothing in the language of the covenant agreement itself suggests Dunigan and Top Gun intended or agreed to remain liable to Harlem in an implied indemnity action following the conclusion of the underlying case. In support of our conclusion, we note that in their reply brief in support of a motion for a good-faith finding, Dunigan and Top Gun specifically argued:

> "There is no doubt that Dunigan and Top Gun

> are paying an exorbitant sum of money
> ($730,000-almost the full insurance policy
> available to them) in consideration for an
> agreement to dismiss them after judgment.
> Such an agreement allows Top Gun and Dunigan
> to buy peace of mind and <u>secure their
> personal assets from recovery</u>."  (Emphasis
> added.)

Under the plain language of the covenant agreement, Top Gun and Dunigan would be entitled to a satisfaction of judgment from plaintiff "for any judgment and in any amount whatsoever" at the conclusion of the underlying case.  Allowing Top Gun and Dunigan to remain liable to Harlem in an implied indemnity action after plaintiff reached a settlement with the agent-defendants in the underlying case is the exact type of "catch 22" situation <u>Gilbert</u> intended to prevent.  See <u>Gilbert</u>, 156 Ill. 2d at 528.  Because " '<u>any settlement</u> between the agent and the plaintiff must also extinguish the principal's vicarious liability,' " we find the trial court did not err in granting Harlem's motion to dismiss. (Emphasis added.)  <u>Gilbert</u>, 156 Ill. 2d at 527, quoting <u>American National Bank & Trust Co.</u>, 154 Ill. 2d at 355.  To find otherwise would leave the agent-defendants' personal assets at risk following the conclusion of the underlying case, depriving them

of the full benefit of their covenant. See Gilbert, 156 Ill. 2d at 528-29. The American National Bank & Trust Co. rule applies despite the fact that the covenant agreement specifically provided the settlement did not affect plaintiff's cause of action against Harlem. See Gilbert, 156 Ill. 2d at 528-29 (the rule "stands regardless of whether the plaintiff's covenant not to sue the agent expressly reserves the plaintiff's right to seek recovery from the principal"); Brouillette, 389 Ill. App. 3d at 605.

## II. Waiver/Estoppel

Notwithstanding, plaintiff contends the relief requested by Citizens, Harlem's insurer, in a separately filed declaratory judgment action waived any possible benefit Harlem may be entitled to under the American National Bank & Trust Co./Gilbert rule. Specifically, plaintiff contends count III of Citizens' declaratory action sought a declaration that Safeco owed a duty to defend and indemnify Dunigan for the claims asserted in plaintiff's negligence action. Plaintiff contends that after the covenant agreement was created, Citizens dismissed count III of the declaratory judgment action. Plaintiff contends that because the covenant agreement achieves the same result sought by Citizens in the declaratory judgment action, Harlem--Citizens' privy--has "impliedly waived or is equitably estopped from the

relief requested."

"[W]aiver applies when a party intentionally relinquishes a known right or his consent warrants an inference of such relinquishment." Northern Trust Co. v. Oxford Speaker Co., 109 Ill. App. 3d 433, 438, 440 N.E.2d 968 (1982). "Equitable estoppel is defined as the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in chancery, from asserting rights which might otherwise have existed as against another person who has, on good faith, relied upon such conduct and has been led thereby to change his position for the worse." Northern Trust Co., 109 Ill. App. 3d at 438-39.

We fail to see how either waiver or estoppel applies in this case. We see no reason why Harlem should be precluded from arguing the American National Bank & Trust Co. rule applied to the covenant agreement in this case and extinguished Harlem's liability simply because Harlem's insurer, without Harlem's direct involvement, sought a declaration in a separately filed declaratory judgment action that Safeco had a duty to defend and indemnify Dunigan. We find plaintiff's estoppel and waiver contentions are without merit.

### III. Dismissal of Dunigan and Top Gun

Plaintiff also contends the trial court erred in dismissing Dunigan and Top Gun from the suit. We note, however, that under

1-08-2986

the terms of the covenant agreement, plaintiff agreed he would:

> "execute a standard Satisfaction of Judgment
> [on Dunigan's and Top Gun's behalf] <u>for any</u>
> <u>judgment and in any amount whatsoever</u> that
> may be entered at the conclusion of case No.
> O1 L 16192 and/or any refiling of the same.
> Said satisfaction shall be executed and
> delivered upon entry of judgment in case #01
> L 16192 and/or any refiling of said action."
> (Emphasis added.)

Section 2-619(a)(9) provides involuntary dismissal is appropriate where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2008).

As the trial court properly noted, the covenant not to execute or enforce judgment at issue in this case essentially released defendants Dunigan and Top Gun from any liability in the underlying negligence suit in exchange for $735,000. Plaintiff specifically agreed "not to assign any right to recover or execute any judgment against" Safeco, Dunigan, and Top Gun under the terms of the covenant. In effect, the covenant terminated all matters in controversy in the negligence action between Gibbs, Safeco, Dunigan, and Top Gun. After the trial court

-18-

1-08-2986

properly determined Harlem's vicarious liability for Dunigan's conduct was also extinguished by the covenant agreement under the American National Bank & Trust Co./Gilbert rule, a trial based solely on Top Gun's and Dunigan's potential individual liability in the negligence action would have proved meaningless.

Because any potential judgment plaintiff could have obtained against either Dunigan or Top Gun individually as defendants in the underlying suit would have been automatically satisfied by the terms of the covenant agreement in this case, we find the trial court did not err in granting Harlem's motion to dismiss the case in its entirety under section 2-619(a)(9).

## CONCLUSION

We affirm the trial court's judgment.

Affirmed.

TOOMIN, P.J., and LAVIN, J., concur.

1-08-2986

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each Case)

| | |
|---|---|
| Please use following form: | BERTRAM GIBBS, |
| | Plaintiff-Appellant, |
| Complete TITLE of Case | v. |
| | TOP GUN DELIVERY AND MOVING SERVICES, INC., KEVIN DUNIGAN, and HARLEM FURNITURE, INC., |
| | Defendants-Appellees. |
| Docket Nos. | No. 1-08-2986 |
| COURT | Appellate Court of Illinois First District, 5th Division |
| Opinion Filed | March 19, 2010 |
| | (Give month, day and year) |
| JUSTICES | JUSTICE HOWSE delivered the opinion of the court: |
| | TOOMIN, P.J., and LAVIN, J., concur. |
| APPEAL from the Circuit Court of Cook County; the Hon._____, Judge Presiding. | Lower Court and Trial Judge(s) in form indicated in margin: Appeal from the Circuit Court of Cook County. The Hon. Dennis J. Burke, Judge Presiding. |
| For APPELLANTS, John Doe, of Chicago.<br><br>For APPELLEES, Smith and Smith, of Chicago.<br><br>Joseph Brown, of Counsel).<br><br>Also add attorneys for third-party appellants and/or appellees. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented.<br><br>For Appellant, CAREN SCHULMAN, ESQ., of Chicago.<br><br>For Appellee, LAW OFFICES OF LORETTA M. GRIFFIN of Chicago. (Loretta M. Griffin, of Counsel).<br><br>(USE REVERSE SIDE IF NEEDED) |

-20-