In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1803

CHARLES ANDERSON, Individually and
on Behalf of a Class of All Similarly
Situated Persons,

*Plaintiff-Appellant*,

*v.*

CATHOLIC BISHOP OF CHICAGO,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:11-cv-07188 — **Rubén Castillo**, *Chief Judge.*

ARGUED NOVEMBER 14, 2013 — DECIDED JULY 2, 2014

Before WOOD, *Chief Judge,* and CUDAHY and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* Charles Anderson brought an action against the Holy See and the Catholic Bishop of Chicago (the "Catholic Bishop"), alleging that he was sexually abused by priests and other employees of the Catholic Church in the

1950s and 1960s. The district court granted a motion to dismiss the complaint with prejudice as to the Catholic Bishop, and, because the Holy See had not been successfully served in the case, dismissed without prejudice the claims against the Holy See until valid service was obtained. Anderson now appeals the dismissal of his complaint, as well as the district court's refusal to allow amendment of the complaint following that dismissal or to grant the Rule 59(e) and Rule 60(b) motions.

Anderson alleged in his complaint numerous instances of abuse, including abuse by Rev. Father Cosmo at St. Joseph's Orphanage in Lisle, IL in the 1950s, abuse by a Catholic priest (since laicized), Thomas Windham, at Maryville Academy on or around 1960, and abuse by four other lay employees of Maryville Academy in separate incidents. Anderson alleged that as a result of the abuse, he required continuous psychological counseling and spent most of his adult life in penal institutions; at the time of the complaint, Anderson was an inmate at Shawnee Correctional Center in Vienna, Illinois.

The complaint explicitly acknowledged, however, that the "alleged sex abuse occurred a sufficient number of years in the past such that any legal sex abuse claim based on said abuse would or could be barred by the applicable Illinois statute of limitations and/or statute of repose." Complaint ¶1. That contention is borne out by the facts alleged in the complaint. Anderson was born in 1951, and alleges injuries arising from abuse that occurred on or about 1960. Under Illinois law, "the limitations period governing a claim is determined by the nature of the plaintiff's injury rather than the nature of the facts from which the claim arises." *Doe A. v. Diocese of Dallas*, 917 N.E.2d 475, 487 (Ill. 2009). Under a statute effective July 1, 1991,

Illinois established a statute of repose for actions based on childhood sexual abuse which required that all such claims be brought within 2 years of the date that the victim discovers, or by reasonable diligence should have discovered, that the abuse occurred and caused that injury, "but in no event may an action for personal injury based on childhood sexual abuse be commenced more than 12 years after the date on which the person abused attains the age of 18 years." 735 ILCS § 5/13-202.2(b) (1992). That statute thus mandated that any claims for personal injury based on childhood sexual abuse had to be brought by the plaintiff's thirtieth birthday, and as a statute of repose it operated to bar actions regardless of whether the plaintiff had discovered the injury. *Orlak v. Loyola Univ. Health System*, 885 N.E.2d 999, 1003 (Ill. 2007); *Michigan Indiana Condominium Ass'n v. Michigan Place, LLC*, 8 N.E.3d 1246, 2014 WL 1672016 at 8 (Ill. App. 1 Dist. April 24, 2014).

That statute of repose was repealed effective January 1, 1994, but the repeal does not avoid the impact of the statute of repose as to Anderson because his claims were extinguished prior to the repeal. In *M.E.H. v. L.H.*, 685 N.E.2d 335, 339 (Ill. 1997), the Illinois Supreme Court addressed an analogous case in which the persons alleging childhood sexual abuse had turned 30 long before the 1991 statute of repose and whose claims therefore were extinguished by that statute before it was repealed in 1994. The *M.E.H.* court noted that for over a hundred years it had held that once a limitations period has expired, a defendant has a vested right in asserting the bar of that limitations period as a defense to a cause of action, and that the right cannot be taken away without offending the due process protections of the Illinois Constitution. *Id*. The court

further held that the rule applies equally to statutes of repose, and that claims time-barred under the old law therefore remained time-barred even after the repose period was abolished in the subsequent legislative action. *Id*.; *Doe A.*, 917 N.E.2d at 484. Accordingly, under the Illinois statute of repose applicable to Anderson's claims, his claims were barred once he reached the age of 30 or—because he turned 30 in 1981 before the statute of repose became effective—his claims were time-barred if he failed to assert them within a reasonable time period after that effective date. See *M.E.H.*, 685 N.E.2d at 340–41. He does not, and cannot, argue that an action brought in 2011, 20 years after that effective date, met that reasonable time standard. See generally *id.* (noting that in any case it would defeat the purpose to allow a period greater than the repose period itself of 12 years, but that reasonableness should not be defined by that statutory repose period and finding the nearly 4 year delay not reasonable). Therefore, on its face, the complaint establishes the affirmative defense that his claim is barred by the statute of repose.

Anderson attempts to avoid the clear impact of that statute of repose by alleging in his complaint that by its statements and actions the defendants were precluded under principles of estoppel and waiver from asserting the statute of repose. The district court ultimately rejected that argument, but before considering Anderson's challenge to the district court's granting of that motion to dismiss, we must first consider whether we have appellate jurisdiction. Although the claims against the Catholic Bishop were dismissed with prejudice based on that statute of repose, the claims against the Holy See were dismissed without prejudice based upon the failure of

Anderson to obtain proper service on the Holy See. Normally, that sort of split opinion would not be considered "final" and therefore appealable under 28 U.S.C. § 1291 because it does not wind up the entire litigation in the district court and therefore presents the prospect of piecemeal appeals. *Palka v. City of Chicago*, 662 F.3d 428, 433 (7th Cir. 2011). In some circumstances, however, dismissals without prejudice are immediately appealable, thus resolving that finality concern.

Our opinions have used varying language in assessing the appealability of dismissals without prejudice, from stating that such dismissals are "canonically non-final" to characterizing such dismissals as appealable unless the defect requiring dismissal is immediately curable. See *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008) and cases cited therein (canonically non-final) and *Schering-Plough Healthcare Products, Inc. v. Schwarz Pharma, Inc.*, 586 F.3d 500, 507 (7th Cir. 2009) ("only if the defect that required dismissal is immediately curable is the dismissal nonappealable"). The difference in language may be more in emphasis than in effect, but the cases agree that dismissals without prejudice are not appealable where the reason for the dismissal is an easily fixable problem because in such a case the district court anticipates that the defect will be corrected and the case is not finished. See *Schering-Plough*, 586 F.3d at 506–07. Even if that defect is correctable, however, the dismissal will be appealable if the otherwise revivable claim cannot be refiled because the statute of limitations has run. *Palka*, 662 F.3d at 433; *Doss*, 551 F.3d at 639; *Cardenas v. City of Chicago*, 646 F.3d 1001, 1008 (7th Cir. 2011). In such a case, the bar of the limitations period effectively terminates the litigation as surely as a dismissal with

prejudice, and therefore the dismissal is appealable regardless of its characterization. *Id.* Here, the claim against the Holy See is identical to that against the Catholic Bishop, and in fact Anderson alleges that the Catholic Bishop acted as an agent of the Holy See. Those claims thus are also filed beyond the statute of repose and that problem cannot be redressed by refiling and properly obtaining service. Accordingly, the dismissal without prejudice of the claim against the Holy See does not prevent us from asserting appellate jurisdiction over the claim on appeal that was dismissed with prejudice, because the claims are all immediately appealable.

We turn then to the merits of the appeal. Anderson alleges that the district court erred in granting the motion to dismiss the complaint. Anderson acknowledges that on its face his claims in the complaint would appear to be time-barred. He asserts, however, that the limitations period does not operate to preclude his action because the defendants engaged in actions that tolled it or prevented them from relying on it. Essentially, Anderson relies on numerous alternative legal theories to establish that the defendants, by their conduct, disclaimed reliance on the statute of repose. He asserts that such conduct raises issues of waiver, promissory estoppel, judicial estoppel, and estoppel by conduct, which present mixed questions of law and fact and cannot be resolved in a motion to dismiss.

Anderson does not present any legal support whatsoever for that contention. He cites only to cases such as *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), which discuss that a complaint must meet the plausibility standard and must contain facts sufficient to raise a reasonable expectation that

discovery will reveal evidence supporting the plaintiff's allegations. Although contending that the limitations period does not apply based on various estoppel and waiver theories, Anderson does not cite any caselaw as to those principles, and does not even set forth in general the standards for estoppel and waiver. His argument consists of a recitation of facts followed by conclusory allegations that those facts establish estoppel and waiver. We have repeatedly held that arguments not properly developed on appeal may be waived. *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012); *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011). "Neither the district court nor this court are obliged to research and construct legal arguments for parties, especially when they are represented by counsel." *Nelson*, 657 F.3d at 590. Because the preclusive effect of the statute of repose is the basis of our appellate jurisdiction analysis as well, however, and the issues were addressed on the merits by the appellees, we briefly consider Anderson's contentions.

Anderson relies primarily on correspondence between his attorneys and the attorneys for the defendants beginning in 2003 when he first explored the possibility of a legal claim against the defendants. He maintains that in that correspondence the defendants agreed not to pursue a limitations defense. The facts in the complaint, including that correspondence, however, do not raise a facially plausible claim of estoppel or waiver. Anderson relies in part on a letter dated April 15, 2005, from his own attorney, and characterizes the following language in that letter as reflecting an agreement by the Catholic Bishop not to assert a statute of limitations defense:

> Mr. Anderson has agreed not to file a lawsuit against the Archdiocese of Chicago but rather to submit to arbitration/ mediation based on the Archdiocese agreeing not to assert a statute of limitations defense. However, we have determined that by filing a "suit" for discovery only, that does not name the Archdiocese, we could use the device to have Mr. Anderson visit Chicago [presumably from the correctional institution in which he resided]. …

The letter included a draft suit, and indicated that Anderson would proceed with the suit if he did not receive any response within a week.

The Catholic Bishop subsequently conducted an investigation into Anderson's claims, including visiting Anderson at Shawnee Correctional Center and obtaining statements from him detailing the alleged abuse. In a letter dated March 28, 2007, the Catholic Bishop stated that its Review Board had concluded that there was no reasonable cause to believe that Thomas Windham had abused Anderson, that it was in the process of analyzing the allegations as to the others, and that in the meantime it was interested in learning what Anderson needed in order to heal. Approximately two months later, the Catholic Bishop, in a May 11, 2007 letter, again addressed the possibility of providing some level of aid to Anderson. That letter, which is relied upon by Anderson in this appeal, emphasized that the claims were beyond the statute of limitations, but asked what Anderson would need from it in order to heal. Because this letter forms the crux of much of Anderson's argument, we set forth the language in the body of that letter in its entirety:

We have received your letter dated May 9, 2007. As you know, because your client was born before January 1, 1964, his claims are barred by the statute of repose. 735 ILCS 5/13-202.2. See *M.E.H. v. L.H.*, 177 Ill.2d 207, 685 N.E.2d 335 (1997); *Galloway v. Diocese of Springfield*, 367 Ill.App.3d 997, 857 N.E.2d 737 (5th Dist. 2006); *Kuch v. Catholic Bishop of Chicago*, 366 Ill.App.3d 997, 857 N.E.2d 737 (1st Dist. 2006), appeal denied 221 Ill.2d 640, 857 N.E.2d 673 (2006); *Doe v. Catholic Bishop of Chicago*, No. 04 L 002661. (Cir. Ct. of Cook Co. Sept. 15, 2005); *John Doe 85 v. The Roman Catholic Diocese of Joliet*, No. 2003-L-1011 (Cir. Ct. of DuPage County, Aug. 29, 2006).

Nonetheless, as I discussed with you on March 12, 2007 and as I stated in my letter of March 28, 2007, rather than treat this as strictly a legal matter, our client would like to respond compassionately to Mr. Anderson's claims. Therefore, we are in a process of analyzing these allegations. However, before we can move forward on this, we need your demand. After we receive your demand and have completed our review, we would be pleased to discuss this claim with you.

We look forward to hearing from you.

Complaint, Exh. B. In response to that letter, on June 6, 2007, Anderson sent to the Catholic Bishop a written demand for $6.5 million as compensation for the injuries stemming from the alleged abuse. The reply from the Catholic Bishop of June 23 offered only "support services," and this litigation ensued.

Those communications by the Catholic Bishop do not provide a basis for Anderson's claims of promissory estoppel or waiver. Under Illinois law, promissory estoppel is a theory that allows relief where a promise has been made that was relied upon by the promisee to his detriment such that it would be a fraud or injustice not to enforce the promise. *Newton Tractor Sales, Inc. v. Kubota Tractor Corp.*, 906 N.E.2d 520, 526 (Ill. 2009). Waiver applies in situations in which a party intentionally relinquishes a known right or the party's consent warrants an inference of such relinquishment. *Gibbs v. Top Gun Delivery and Moving Services, Inc.*, 928 N.E.2d 503, 510 (Ill. App. 1 Dist. 2010); *Northern Trust Co. v. Oxford Speaker Co.*, 440 N.E.2d 968, 972 (Ill. App. 1 Dist. 1982). Waiver may be express or implied, but "the evidence must show a 'clear, unequivocal and decisive act of a party' demonstrating an intent to waive the known right." *Occidental Fire & Cas. Co. of North Carolina v. Continental Bank N.A.*, 918 F.2d 1312, 1320 (7th Cir. 1990), quoting *Washburn v. Union Nat'l Bank and Trust Co. of Joliet*, 502 N.E.2d 739, 742 (Ill. App. 3d Dist. 1986). Unlike estoppel, a party asserting a waiver need not demonstrate that he was misled to his injury or that prejudice resulted from it. *Northern Trust Co.*, 440 N.E.2d at 972. Anderson cannot succeed under either theory.

First, Anderson's claim is problematic because it was time-barred in 1991, and the first communication with the Catholic Bishop occurred in 2002 or 2003. Therefore, Anderson cannot demonstrate that he reasonably relied upon any communication of the Catholic Bishop in foregoing the filing of his complaint which caused him to exceed the repose period. Anderson's claim was time-barred for more than a decade

before any such communications ensued. Therefore, he cannot demonstrate estoppel.

Moreover, the correspondence identified by Anderson does not reflect any intent to forfeit the statute of repose defense, and in fact the Catholic Bishop in the May 11, 2007 letter expressly emphasizes that the claims were barred and that the effort to consider possible relief for Anderson was a compassionate rather than a legal response. Anderson conflates the two, effectively arguing that by considering settlement options despite knowledge that the claims are time-barred, the Catholic Bishop is waiving the right to subsequently assert such defenses. Anderson provides no case support for this argument. Waiver is a conscious relinquishment of a known right. The letter relied upon by Anderson establishes that no waiver occurred here; rather than relinquish a known right, the Catholic Bishop identified the statute of repose and made it clear that it considered the claim to be time-barred as a matter of law. That is an expression of an intent to advocate, not abandon, a known right. The decision to offer to consider relief as a compassionate rather than legal matter again reflects a recognition that the relief is not required by law or grounded in any assertion of a legal right.

Anderson's argument would assign an adverse legal consequence to an offer of compassionate relief. Apart from lacking any support in the law or in the plain language, such an interpretation would have the disastrous effect of handcuffing a defendant who desired to offer relief to a plaintiff based on that defendant's determination of what is the moral or preferred resolution and that extends beyond what is legally required. For instance, if the Catholic Bishop decided that as a

moral imperative it would attempt to provide relief to persons who, after investigation, it believed had suffered sexual abuse at its hands, the Catholic Bishop could not offer the relief it believed was appropriate without waiving its right to assert that the claims were time-barred as a legal matter and subjecting itself to the vagaries of damages determinations by a court or jury. It would deter settlement of claims and hinder the ability of parties to arrive at equitable resolution of claims. Such an approach is contrary to public policy, and is without any support in law. Accordingly, there is no mixed question of law and fact as to the waiver and promissory estoppel issues.

Anderson also asserts that the Catholic Bishop is precluded from asserting the limitations defense by the principle of judicial estoppel, which provides that "a party who prevails in the first case by asserting some proposition may not seek to prevail in a later case by asserting its opposite." *Kale v. Obuchowski*, 985 F.2d 360, 361 (7th Cir. 1993). Anderson points to the many cases throughout the United States in which the Catholic Church has chosen to settle claims, including "stale claims" which otherwise could have been barred by the prevailing statute of limitations. Anderson does not allege that the Catholic Bishop actually took a position in any of those lawsuits that is the opposite of its position in this case. Instead, he relies on the general proposition that the Church as a whole chose not to rely on the limitations defense in those cases and settled instead. There are numerous problems with this contention, not the least of which is that the failure to assert a potential limitations defense is not an assertion of an opposite position—it is the absence of any position. A defendant is not required to assert any and all potentially meritorious defenses,

and the failure to assert one is not akin to a statement that the defense would not succeed. More fundamentally, "[j]udicial estoppel applies to statements of fact and not to legal opinions or conclusions," and Anderson has identified no conflicting statements of fact by the Catholic Bishop. *Huang v. Brenson*, 7 N.E.3d 729, 739 (Ill. App. 1 Dist. 2014) and cases cited therein; *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 997 N.E.2d 762, 780 (Ill. App. 2 Dist. 2013). Anderson has failed to raise any non-frivolous claim of judicial estoppel. The district court properly granted the motion to dismiss.

Anderson also asserts myriad challenges to the district court's denial of his post-judgment motions under Rules 59(e) and (d) and 60(b), which are meritless and require little discussion. We review the district court's denial of such motions under Rule 59(e) or 60(b) for abuse of discretion. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013). First, he asserts that the district court erred in rejecting his Rule 59 motion. Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can establish a manifest error of law or can present newly discovered evidence. Fed.R.Civ.P. 59(e). Anderson merely restates the arguments made in response to the motion to dismiss including the claims of equitable tolling and waiver which we have already rejected, and therefore this argument is unavailing. See generally *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("a 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'") Anderson also pursued a motion under Fed. R. Civ. P. 60(b)(2) in the district court in which he sought to submit "newly discovered evi-

dence." That newly discovered evidence consisted of evidence of time-barred cases and claims settled by the Catholic Church gleaned from sources such as websites and a publicly-available deposition of Cardinal Francis George. Rule 60(b)(2) allows for relief from judgment based on newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). Anderson has presented no evidence whatsoever that the evidence submitted could not have been discovered earlier with reasonable diligence, and even if that hurdle was met the evidence is merely cumulative of evidence already in the complaint. Accordingly, the district court did not abuse its discretion in denying relief.

Anderson's remaining arguments are similarly flawed. He protests the district court's refusal of his request to amend his complaint to include a claim that the limitations period was tolled as a result of the defendant's fraudulent concealment, but that request was not proffered until after the court's entry of judgment dismissing the claim with prejudice. Accordingly, Anderson's right to amend once as a matter of course was extinguished, and he had to demonstrate an entitlement to such relief in a motion under Fed. R. Civ. P. 59(e). *Fannon v. Guidant Corp.*, 583 F.3d 995, 1002 (7th Cir. 2009). Rule 59(e), however, "'is not properly utilized to advance arguments or theories that could and should have been made before the district court rendered a judgment.'" *Id*. at 1003, quoting *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007). Anderson pursued numerous arguments relating to the tolling of the limitations period in his complaint, and has presented no reason why the fraudulent concealment claim could not have

been pursued prior to dismissal as well. Accordingly, the district court did not abuse its discretion in denying that motion.

Finally, Anderson also faults the court for addressing the merits prior to allowing class discovery pursuant to Federal Rule of Civil Procedure 23 as to class certification, but Anderson did not move for class discovery prior to the dismissal of the complaint, and his claim is again premised on the notion that he had asserted a plausible claim of timeliness. Therefore, this claim is meritless.

Anderson has raised no meritorious claims on appeal, and accordingly the decision of the district court is AFFIRMED.