**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 27, 2017[*]
Decided March 29, 2017

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1885

| | |
|---|---|
| DEBRA A. FOSTER, | Appeal from the |
| *Plaintiff-Appellant*, | United States District Court for the |
| | Northern District of Illinois, |
| *v.* | Eastern Division. |
| | |
| BOARD OF EDUCATION OF | No. 13 C 3427 |
| THE CITY OF CHICAGO and | |
| AMANDLA CHARTER SCHOOL, | Matthew F. Kennelly, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Debra Foster appeals from the district court's order granting the defendants' motion to enforce a settlement agreement in her action under the Individuals with

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Disabilities Education Act, 20 U.S.C. §§ 1400–1418; the Rehabilitation Act, 29 U.S.C. § 794; and 42 U.S.C. § 1983. We affirm.

We previously summarized the factual background of this matter in *Foster v. Board of Education of the City of Chicago*, 611 F. App'x 874 (7th Cir. 2015), and we assume familiarity with that decision. Briefly, Foster sued the Board of Education of the City of Chicago and Amandla Charter School, her daughter's former middle school, after an IDEA hearing officer determined that the school "substantially impeded" her daughter's right to a "free appropriate public education" and ordered the school to provide additional services. The district court granted the defendants' motion to dismiss. Foster, the court explained, could not litigate her daughter's claims without a lawyer, and her complaint did not state a claim under the Rehabilitation Act (because she did not allege discrimination based on any disability), § 1983 (because she did not allege that any policy or custom of the defendants had harmed her), or the IDEA (because she was not "aggrieved" by the hearing officer's decision). And to the extent Foster sought punitive damages under the IDEA, the court added, that relief was unavailable as well. We upheld the dismissal of her daughter's claims but concluded that Foster could proceed on her own IDEA claim and request relief not ordered by the hearing officer, including reimbursement for out-of-pocket expenses. Foster did not challenge the dismissal of her § 1983 and Rehabilitation Act claims, so we affirmed the judgment on those claims.

On remand Foster, assisted by court-recruited counsel, entered into settlement negotiations with the defendants. Magistrate Judge Valdez conducted a settlement conference, at the end of which the parties completed a "settlement checklist/term sheet." The checklist specified that the defendants would pay a sum of $8,100 to Foster and, in exchange, she would release all of her claims against them. One week after the settlement agreement was reached, Foster—without the assistance of settlement counsel—asked the court to clarify the settlement's scope because she believed that she had settled only her IDEA claim for out-of-pocket expenses and not her § 1983 claim (Foster seemed unaware that this claim already had been dismissed). The defendants argued that the only claim before the district court on remand was Foster's personal IDEA claim and that the settlement checklist encompassing that claim should be enforced.

An evidentiary hearing followed. Candace Moore, Foster's settlement counsel, testified that once the parties orally reached an agreement, she and Foster reviewed the

terms, and Foster decided to leave before the settlement checklist was filled out. According to Moore, Foster authorized her to sign the checklist, which Moore did. But Foster testified that she never told Moore to sign off on her behalf. Foster maintained that she had other unsettled claims under both the IDEA (including for punitive damages) and § 1983. The defendants responded that the settlement covered her entire IDEA claim, that she had no § 1983 claim left because it had been dismissed with prejudice, and that the settlement checklist itself reflected a binding agreement.

The district judge, adopting the magistrate judge's report and recommendation, granted the defendants' motion to enforce the settlement agreement. Foster had reached a settlement of her sole remaining claim, the judge explained. Only Foster's IDEA claim for her out-of-pocket expenses remained, the judge said, because her other claims had been dismissed with prejudice—a decision that Foster never challenged and that we upheld. And for the IDEA claim, Foster had admitted at the hearing that she orally settled it, even before her attorney signed the checklist on her behalf. Because the settlement covered all of Foster's remaining claims, the district judge dismissed them with prejudice, denied Foster's pending motions, and entered final judgment.

Foster then sought postjudgment relief under Rule 60(b) of the Federal Rules of Civil Procedure based on the district court's "fraud" in ignoring her § 1983 claim and enforcing the settlement. The district judge denied the motion, concluding that she was trying either to reargue meritless points on which it already had ruled against her or to assert new arguments that she could have raised earlier.

On appeal Foster challenges the district court's decision to enforce the settlement and maintains that the court overlooked claims she had pending under § 1983 and the IDEA (specifically, her claim for punitive damages). But the district court had dismissed these claims with prejudice, *Foster*, 611 F. App'x at 879 (remanding Foster's own IDEA claim only), and that dismissal barred her from relitigating these claims, *see Anderson v. Catholic Bishop of Chi.*, 759 F.3d 645, 653 (7th Cir. 2014).

Foster also continues generally to challenge the district court's determination that she had agreed to a settlement for her lone remaining claim under the IDEA. The district court, however, appropriately concluded that Foster settled that claim. Under Illinois law a settlement requires an offer, acceptance, and agreement regarding all material terms. *Beverly v. Abbott Labs.*, 817 F.3d 328, 333 (7th Cir. 2016); *Elustra v. Mineo*, 595 F.3d 699, 708 (7th Cir. 2010). The district court properly concluded that based on

objective evidence that included her own testimony, Foster orally had agreed to settle her IDEA claim. Even if she believed that she had other claims she could bring against the defendants, Foster's subjective intent is irrelevant as long as her objective conduct reflected an intent to be bound by the agreement. *See Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 588 (7th Cir. 2012). And here, Foster orally agreed to the settlement terms, which were recorded in the settlement checklist that her attorney permissibly signed after she left the conference early; the settlement checklist thus memorialized the earlier valid oral agreement, and the district court did not act unreasonably in enforcing it.

Finally, Foster asserts without elaboration that the district court wrongly denied her Rule 60(b) motion, but she gives us no reason to upset the court's determination and we will not craft arguments on her behalf. *See* FED. R. APP. P. 28(a)(8); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

AFFIRMED.