┌─────────────────────────────────────────────────┐
│ **NONPRECEDENTIAL DISPOSITION** │
│ To be cited only in accordance with Fed. R. App. P. 32.1 │
└─────────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 26, 2021[*]
Decided March 10, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-1480

| | |
|---|---|
| MALAIKA COLEMAN,<br>    *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 19 C 1745 |
| GARRISON PROPERTY & CASUALTY INSURANCE COMPANY and UNITED SERVICES AUTOMOBILE ASSOCIATION,<br>    *Defendants-Appellees.* | Virginia M. Kendall,<br>*Judge.* |

## O R D E R

After Malaika Coleman totaled her car, her insurer paid a cash settlement to resolve the claim. Coleman insisted that she was entitled to further compensation for the sales tax she would incur with the purchase of a new car. Her insurer disagreed, so

---

[*] We have agreed to decide the case without oral argument because the issues have been authoritatively decided. *See* FED. R. APP. P. 34(a)(2)(B).

Coleman filed suit in federal court alleging a claim for breach of contract under Illinois law. The district judge granted the insurer's motion to dismiss. Coleman appealed, but her claim is foreclosed by recent circuit precedent, so we affirm.

## I. Background

In September 2018 Coleman was involved in a car accident and filed a claim with her insurer, Garrison Property & Casualty Insurance ("Garrison"), a subsidiary of United Services Automobile Association ("USAA"). The policy covered Coleman for "loss" caused by collision, with "loss" defined as "direct and accidental damage to the operational safety, function, or appearance of" the insured vehicle. The insurer's limit of liability was the "actual cash value" of the vehicle, defined as the "amount that it would cost, at the time of loss, to buy a comparable vehicle."

After reviewing Coleman's claim, Garrison determined that the cost to repair her vehicle exceeded its actual cash value, so it declared her car a total loss and paid her a cash settlement. The amount did not include the cost of sales tax on a new car. Coleman sued Garrison and USAA[1] for breach of contract, alleging that she was entitled to compensation for sales tax and title-transfer fees that she would incur should she purchase a replacement vehicle. She sought to represent a class of similarly situated Illinois insureds. The defendants moved to dismiss, noting that the policy did not provide for payment of these costs and that under Illinois insurance regulations, insureds are entitled to recover sales tax and transfer fees only when they purchase a replacement vehicle and substantiate payment of these costs within a prescribed period. *See* ILL. ADMIN. CODE tit. 50, § 919.80(c)(3)(A)(i). It's undisputed that Coleman did not purchase a replacement vehicle. The judge agreed with the insurer's interpretation of the policy and Illinois law and granted the motion.

Coleman filed an amended complaint limiting her claim to sales tax associated with purchasing a new car. The defendants again moved to dismiss, and the judge again granted the motion. Coleman then moved to alter or amend the judgment, *see* FED. R. CIV. P. 59(e), offering as "new" evidence a statement on USAA's webpage that a policyholder with a total-loss claim would "receive payment from the insurer for its actual cash value." This statement, she maintained, was confirmation that her policy contains a promise to pay the actual cash value of a new car—including sales tax—in

---

[1] The claim against USAA adds nothing to the suit, so we mention the parent company no further.

the event of a total loss. The judge denied the motion, explaining that this evidence was not "new" because Coleman could have discovered the webpage sooner and the motion otherwise simply rehashed previously rejected arguments.

## II. Discussion

On appeal Coleman reiterates her argument that the insurance policy's provision regarding "actual cash value" entitles her to compensation for sales tax even if she did not incur that cost. We rejected this precise argument in *Sigler v. Geico Casualty Co.*, 967 F.3d 658 (7th Cir. 2020). There, the plaintiff sued his insurer for breach of contract under Illinois law; he alleged that his insurance policy required payment of the "actual cash value" of a replacement vehicle in a total-loss claim and that this value included sales tax and vehicle-transfer fees. *Id.* at 659–60.

We affirmed the dismissal of the complaint because the plaintiff's theory had "mistake[n] a liability ceiling for a floor." *Id.* at 660, 662. The policy did not promise to pay actual cash value; that amount was simply the *maximum* the insurer would pay. *Id.* at 660. And Illinois insurance regulations, incorporated into the policy as a matter of law, obligate an insurer to reimburse for sales tax and transfer fees on a total-loss claim *only* if the insured purchases a new vehicle and substantiates those costs within 30 days of settlement of the claim. *Id.* at 661.

*Sigler* was decided after briefing was complete in Coleman's appeal, so we ordered the parties to file position statements addressing whether it resolves this case. We have reviewed those statements and agree with Garrison that this case cannot be meaningfully distinguished from *Sigler*. Garrison's policy, like the policy at issue in *Sigler*, states that the limit of liability for a total loss is the vehicle's actual cash value. As we explained in *Sigler*, a limit on liability is the most that an insurer will pay its policyholder, not the amount that the insurer promises to pay. *Id.* at 660.

Coleman insists that Garrison necessarily promised to pay the maximum coverage when it declared her car a "total loss." This argument too was considered and rejected in *Sigler*. We explained that the policy was not silent on the proper measure of a total loss because it incorporated the Illinois insurance regulations as a matter of law. *Id.* at 661. Under those regulations, when an insurer elects to pay a cash settlement on a total-loss claim, it must reimburse for sales tax *only* if the insured incurs and substantiates that expense within 30 days after receiving the settlement. *Id.*; ILL. ADMIN. CODE tit. 50, § 919.80(c)(3)(A)(i). Like the plaintiff in *Sigler*, Coleman has not alleged that

she purchased a new car, paid sales tax, and substantiated that cost within 30 days of receiving the settlement. *See Sigler*, 967 F.3d at 662. That defeats her claim.

Coleman also contends that the judge wrongly denied her Rule 59(e) motion by refusing to consider the USAA webpage as new evidence tending to show that the policy language is ambiguous. The judge did not abuse her discretion in denying the motion. A Rule 59(e) motion must point to newly discovered evidence or establish that the judge made a manifest error of law or fact. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013). Coleman's motion did neither. The judge reasonably concluded that the webpage was not "new" evidence because Coleman easily could have discovered it with reasonable diligence. The judge also reasonably rejected the motion to the extent that it simply restated arguments that had already been considered. *See Anderson v. Catholic Bishop of Chi.*, 759 F.3d 645, 653 (7th Cir. 2014). Finally, Coleman's Rule 59(e) motion was too late in the day to raise—for the first time—an ambiguity in the insurance policy. *See First State Bank of Monticello v. Ohio Cas. Ins. Co.*, 555 F.3d 564, 572 (7th Cir. 2009).

AFFIRMED