NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2022[*]
Decided November 22, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-3212

| | |
|---|---|
| LOGAN DYJAK, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
|     *v.* | No. 21-C-3032 |
| | |
| JO-AN LYNN, et al., | Michael M. Mihm, |
|     *Defendants-Appellees*. | *Judge*. |

## O R D E R

Logan Dyjak, a civil detainee at the McFarland Mental Health Center in Springfield, Illinois, sued three medical staff alleging that they disregarded known risks of violence and sexual assault by other patients. The district judge screened the

---

[*] The appellees were not served with process and have not participated in this appeal. We have agreed to decide the case without oral argument because the appellant's brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

complaint and dismissed it, ruling that Dyjak had failed to state a claim. But because Dyjak plausibly alleged that the defendants intentionally acted in a manner that was objectively unreasonable, we vacate and remand for further proceedings.

At this stage we accept Dyjak's allegations as true. *See Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018). Dyjak's complaint described two types of recurring, unaddressed violence at McFarland. First, another patient—who was known by McFarland staff to hit others regularly and with impunity—attacked Dyjak. Second, a third patient, while fondling his own genitals, repeatedly tried to grope Dyjak without consent, also without any intervention by McFarland staff. McFarland staff members Jo-An Lynn (clinical director), Stacey Horstman (psychiatrist), and Harvey Daniels (clinical nurse manager) knew about but did not address either patient's behavior, even though all three were responsible for addressing violence among detainees. So Dyjak brought a failure-to-protect claim under 42 U.S.C. § 1983 against these three defendants. Additionally, Dyjak moved for recruited counsel claiming poverty, lack of education, and limited access to legal materials.

The judge dismissed the complaint at screening for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2). The judge concluded that the failure-to-protect claim failed because Dyjak had not alleged that the attempted sexual assaults caused physical harm and had pleaded nothing to substantiate the allegation that the defendants appreciated a risk to Dyjak. The judge gave Dyjak 30 days to replead the failure-to-protect claim. (Dyjak's complaint also contained other allegations about incidents unrelated to those we've just described. The judge concluded that the additional allegations also failed to state a claim. We have examined that part of his ruling and see no error, so we omit further detail.)

Dyjak moved for reconsideration, arguing that the complaint was adequate. The judge found these arguments unpersuasive and denied the motion. Soon thereafter and once Dyjak's 30-day window to replead had lapsed, the judge dismissed the case without prejudice.[1]

---

[1] Even though the judge stated that the dismissal was without prejudice, the judgment is appealable. The judge's statements in his merit-review order reflect that he was finished with the case. *See Lauderdale-El v. Ind. Parole Bd.*, 35 F.4th 572, 575–76 (7th Cir. 2022). Further, a dismissal without prejudice is appealable when, as here, a claim cannot be refiled because the two-year statute of limitations has run. *See Anderson*

On appeal Dyjak first argues that the complaint sufficiently stated a failure-to-protect claim. Dyjak also disagrees that the attempted sexual assaults must be alleged to have caused physical harm.

Notice pleading requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). At the pleadings stage, the complaint need contain only enough factual matter, accepted as true, to allow the reasonable inference that the defendant is liable for the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As a detainee, Dyjak needed only to plausibly allege facts showing that the defendants responded unreasonably to dangerous conditions at McFarland. *See Hardeman v. Curran*, 933 F.3d 816, 822–23, 825 (7th Cir. 2019) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015), and then citing *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994)) (holding that the pretrial detainee stated a conditions-of-confinement claim through allegations of "objectively unreasonable conditions"—insufficient water and exposure to backed-up toilets, their stench, and insects); *Smith v. Dart*, 803 F.3d 304, 312–13 (7th Cir. 2015) (holding that the pretrial detainee stated a conditions-of-confinement claim through allegations that "food is well below nutritional value" and that defendants knew that the detainees' water was polluted). And those conditions—as well as the defendants' response—do not have to result in physical harm; psychological harm is enough. *Budd v. Motley*, 711 F.3d 840, 843 (7th Cir. 2013).

Taking Dyjak's allegations as true, we conclude that the complaint adequately stated a failure-to-protect claim. In *Hardeman* we extended *Kingsley*'s objective unreasonableness standard to all conditions-of-confinement claims brought by pretrial detainees. *Hardeman*, 933 F.3d at 823. And such claims include those that assert a failure to protect. *See, e.g.*, *Kemp v. Fulton County*, 27 F.4th 491, 494–95 (7th Cir. 2022) (citing *Farmer*, 511 U.S. at 833). To the extent that the judge ruled that Dyjak had not alleged enough factual detail to push the claim "from conceivable to plausible," *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007), we disagree. The complaint stated a plausible failure-to-protect claim by alleging, first, that the defendants' knowing disregard of the violent patient enabled that patient to attack Dyjak, and second, that the defendants' acquiescence to the third patient's repeated attempts to grope Dyjak while masturbating left Dyjak traumatized. For both situations the complaint sufficiently alleged that the defendants acted unreasonably by ignoring known threats to Dyjak's well-being.

---

*v. Cath. Bishop of Chi.*, 759 F.3d 645, 649 (7th Cir. 2014). (Dyjak's claim arose in early 2019.)

Accordingly, we VACATE and REMAND for further proceedings limited to Dyjak's failure-to-protect claim against Lynn, Horstman, and Daniels. On remand the judge should rule on Dyjak's motion for recruitment of counsel. *See Pruitt v. Mote*, 503 F.3d 647, 649–50 (7th Cir. 2007) (en banc).