**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-4557**

─────────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

DAVID WILLIAM LINDER,

                                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Jerome B. Friedman, District Judge.  (CR-04-191)

─────────────

Submitted:  August 28, 2006        Decided:  September 15, 2006

─────────────

Before WILLIAMS and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Brian Gay, GAY & CIPRIANO, P.C., Virginia Beach, Virginia, for Appellant. Laura P. Tayman, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted David W. Linder of all twenty-seven counts of the indictment against him. The convictions included one count of conspiracy to distribute for human consumption 5-MeO-DiPT (commonly called "Foxy"), and other similar controlled substance analogues as defined in 21 U.S.C. § 802(32); eighteen counts of distribution of the illicit substances; five counts of intentionally using a communication facility to facilitate the commission of a drug crime; one count of conspiracy to launder money; one count of money laundering; and one count of engaging in monetary transactions involving criminally derived property. With respect to the drug conspiracy count, the jury also found that a death resulted from the drugs that Linder distributed or caused to be distributed for human consumption.

The district court sentenced Linder to a life sentence on the drug conspiracy count; 240 months' imprisonment on each of the eighteen distribution counts and the two money laundering counts; 48 months' imprisonment on the five illegal use of a communications facility counts; and 120 months' imprisonment on the one count of engaging in monetary transactions involving criminally derived property. All of these sentences were imposed to be served concurrently.

On appeal Linder's counsel filed an Anders v. California, 386 U.S. 738 (1967), brief asserting that there are no meritorious

issues for appeal. Linder was advised of his right to file a pro se supplemental brief and has filed numerous documents attacking his conviction. We affirm.

We have carefully considered the numerous arguments by Linder in his supplemental filings and find them meritless. See United States v. Klecker, 348 F.3d 69 (4th Cir. 2003) (deeming "Foxy" to be a controlled substance analogue); United States v. Mitchell, 209 F.3d 319 (4th Cir. 2000) (determining the sufficiency of the evidence underlying a jury's determination of guilt by viewing the evidence in the light most favorable to the government).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Linder's conviction and sentence. This court requires that counsel inform Linder, in writing, of the right to petition the Supreme Court of the United States for further review. If Linder requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Linder. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3