In the

# United States Court of Appeals
### For the Seventh Circuit

No. 15-3462

JESSIE RIVERA,

*Plaintiff-Appellant,*

*v.*

RAVI GUPTA and CESAR LOPEZ,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 13 C 56 — **William M. Conley**, *Chief Judge.*

SUBMITTED AUGUST 18, 2016 — DECIDED SEPTEMBER 8, 2016

Before POSNER, EASTERBROOK, and SYKES, *Circuit Judges.*

POSNER, *Circuit Judge*. Jessie Rivera, a federal inmate, suffers from numbness and pain as a result of second-degree burns on his left leg, foot, and ankle. His suit accuses a physician named Ravi Gupta, and a prison health services administrator named Cesar Lopez, of deliberate indifference to his need for substantial medical treatment, thereby violating his Eighth Amendment rights. See *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104–05

(1976). The district court entered summary judgment for the defendants, precipitating this appeal. (Rivera had also brought a claim under the Federal Torts Claims Act, but the district court rightly dismissed it on the authority of *United States v. Demko*, 385 U.S. 149 (1966), which holds that the Inmate Accident Compensation Act, 18 U.S.C. § 4126(c)(4), precludes FTCA claims for prisoners injured while working.)

The prison kitchen in which Rivera was working in May 2011 when the accident occurred had a history of large kettle pots' boiling over and spilling water on the floor. One of these pots, containing dirty water, butter, and shortening, had been boiling over for more an hour when Rivera slipped on the wet floor underneath the pot, scalding his leg. A nurse diagnosed him with second-degree burns on his left lower leg and ankle, removed the dead skin around the wound, dressed the burn, and prescribed a narcotic pain medication, a wheelchair (because the burn was making it difficult for him to walk), and a lower bunk, and told him not to engage in strenuous physical activity.

For several weeks Rivera returned to the healthcare unit daily so that medical staff could monitor the burn for infection and clean and dress the wound. In these visits he continued to complain that pain and numbness in his left leg, ankle, and foot were making walking difficult for him. A physician assistant told him that his symptoms probably were a normal part of the healing process and suggested that he return to the health care unit in six months if he was still experiencing numbness and difficulty walking. When he returned six months later and complained that he was indeed still experiencing pain and numbness he was told that the symptoms probably were permanent but that he could see

Dr. Gupta, the director of the prison's clinic, if he wanted a physician's opinion.

Rivera met with Gupta, told him that the numbness and pain in his leg, ankle, and foot had not abated, and said he wanted treatment from a burn specialist and that his family would pay for the treatment. According to Rivera, Gupta refused to examine him, look up his records, or authorize any treatment, instead admonishing him that he wouldn't have scalded himself had he not been in prison, that "only God" could help him now, and that if he complained about numbness and pain in his leg again, Gupta would write a disciplinary report. Gupta disputes Rivera's account but at the summary-judgment stage of the case we are obliged to accept Rivera's version. See *Tradesman Int'l, Inc. v. Black*, 724 F.3d 1004, 1009 (7th Cir. 2013). Conflicting factual assertions, both plausible, can be resolved only by a trial.

Rivera supports his deliberate-indifference claim with excerpts from medical websites which suggest that severe burns can cause nerve damage, that damaged nerves can progressively worsen if untreated, and that nerve-pain medications and physical therapy can reduce the nerve damages from chronic, persistent pain and numbness. The validity of this medical information is not contested.

As for Lopez—the prison's health-services administrator who is the other defendant—Rivera claims to have complained to him early on about the inadequate medical treatment that he was receiving, and Lopez never followed up. But Lopez is not a medical professional, and the medical staff was aware of Rivera's condition and had as we know told him to wait six months to allow the burn further time to heal, before he sought additional treatment. The grant of

summary judgment for Lopez thus was proper. See, e.g., *McGee v. Adams*, 721 F.3d 474, 483 (7th Cir. 2013).

Not so with regard to Dr. Gupta. The district judge granted summary judgment in his favor without considering the website excerpts, and noted that despite the "odd exchange" between Rivera and Gupta, Rivera had produced no expert evidence that Gupta had been deliberately indifferent to Rivera's numbness and pain. The judge also denied Rivera's request for counsel. While acknowledging that "counsel could have assisted Rivera in responding to defendants' motion for summary judgment in several respects, perhaps most critically in possibly securing expert testimony," the judge said that no amount of expert testimony would "alter [his] determination that defendants' decision to refuse [Rivera's] request for a referral" to a burn specialist was not "blatantly inappropriate." This was an odd thing to say, given that Rivera's condition was at root a burn problem. Nor did the judge explain the basis for his unalterable "determination."

Gupta argues that the numbness and pain in Rivera's leg and foot were not serious. But Rivera submitted evidence from which a jury could reasonably find that they were. He claims that for nine months he suffered from pain and numbness that made walking difficult, and he had presented as we noted earlier uncontested evidence from reputable medical websites indicating that severe burns such as he'd experienced can damage nerves and cause progressively worsening pain or numbness (or both) and that medication and physical therapy can relieve those conditions.

Yet Gupta refused to examine Rivera or provide any medical treatment for his pain and numbness, thereby delib-

erately ignoring a serious medical condition, as in the comparable cases of *Gonzalez v. Feinerman*, 663 F.3d 311, 314–15 (7th Cir. 2011); *Hayes v. Snyder*, 546 F.3d 516, 524–25 (7th Cir. 2008); and *Brock v. Wright*, 315 F.3d 158, 166–68(2d Cir. 2003). Apropos to this case is our statement in *Miller v. Campanella*, 794 F.3d 878, 880 (7th Cir. 2015), quoting *Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir. 1995), that "a prison officer is deliberately indifferent if he 'knows of and disregards an excessive risk to inmate health.'"

Gupta responds that there was no medical treatment that could have relieved Rivera's numbness or pain, because his condition was a "normal" part of the healing process and his "neurovascular exam" was normal. But Gupta is not a neurologist or a specialist in the treatment of burn injuries and did not explain the medical basis for his contention that pain and numbness nine months after a burn were normal. Nor is the relevance of "normality" apparent. It is "normal" to experience pain after a fall or other accident, but also "normal" to treat it. Peritonitis is a "normal" consequence of a bacterial or fungal infection in the abdomen, but requires prompt medical attention as left untreated it can lead to severe, potentially life-threatening infection. A refusal to treat peritonitis on the ground of "normality" would certainly amount to deliberate indifference rather than just to medical malpractice, and likewise a refusal to treat a painful and protracted burn injury on the same ground.

The statements that Rivera claims Gupta made during their one meeting could well incline a reasonable jury to doubt Gupta's good faith in refusing to treat Rivera or allow him to seek treatment from a burn specialist, because Rivera could receive help only from "God." And very improperly

he threatened Rivera with discipline if he continued to complain of numbness and pain. A reasonable jury might well infer that personal hostility, divorced from medical judgment, had motivated Gupta's refusal to provide Rivera with any further treatment, even by a burn specialist whom Rivera's family would have compensated.

We are mindful of the Supreme Court's ruling in *Helling v. McKinney*, 509 U.S. 25, 35 (1993), that a prisoner who claims that the defendants have failed to handle his health issues properly must establish "both the subjective and the objective elements necessary to prove an Eighth Amendment violation." The objective component is the seriousness of the inmate's medical condition, and as Rivera's burn injury was objectively serious, that element of the test is satisfied. The subjective component is the "deliberate indifference" component and one way to satisfy it is by showing that the prison doctor provided no treatment even though the circumstances indicated that treatment clearly was warranted, thus permitting an inference that in failing to provide any treatment the doctor had acted with a culpable state of mind (deliberate indifference, equivalent to recklessness in criminal law). So there is evidence of both *Helling* components of Rivera's claim and therefore his case against Gupta should go to a jury.

The defendants suggest that Rivera must have been exaggerating his symptoms because he never complained to the medical staff about the pain and numbness in his leg after his appointment with Gupta in 2012. That would not be surprising were it true, given the brush-off that Gupta had given him and the threat to discipline him if he continued complaining about numbness and pain and difficulty walk-

ing. Rivera may indeed have given up on the medical staff of the prison (FCI-Oxford), but two years after his brush-up with Gupta, and after being transferred to another prison (MCC-Chicago)—where he no longer had to worry about Gupta—Rivera told a clinician at his new prison that he still had pain and numbness at the burn site.

A final point: although Rivera does not argue on appeal that the district judge abused its discretion in denying his motion for counsel, the judge's unquestionably correct remark that "counsel could have assisted Rivera in responding to defendants' motion for summary judgment in several respects, perhaps most critically in possibly securing expert testimony," persuades us that on remand the judge should recruit counsel for Rivera. Cf. *Pruitt v. Mote*, 503 F.3d 647, 655–56 (7th Cir. 2007) (en banc).

The judgment in favor of Dr. Gupta is reversed, the judgment in favor of Mr. Lopez affirmed, and the case remanded to the district court for further proceedings, consistent with this opinion, concerning the plaintiff's claim against Gupta.