In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-1829

DERRICK ECHOLS, JR.,

*Plaintiff-Appellant*,

*v.*

FREDERICK A. CRAIG,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 11 C 6686 — **George M. Marovich**, *Judge*.

ARGUED NOVEMBER 16, 2016 — DECIDED MAY 4, 2017

Before EASTERBROOK, KANNE, and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. Derrick Echols, an Illinois inmate, claims in this suit under 42 U.S.C. § 1983 that prison dentist Dr. Frederick Craig (an employee of Wexford Health Sources) violated the Eighth Amendment by providing dental care with deliberate indifference to Echols' serious health

needs. While Dr. Craig was extracting a wisdom tooth, a drill bit broke. Dr. Craig sutured Echols' gum with gauze and at least one half-inch long piece of the broken bit still inside, where it caused pain for about two weeks before it was finally removed.

Knowledge is the key issue in this lawsuit. Echols alleges that Craig sutured the extraction site after intentionally packing it with non-soluble gauze and without first locating the missing shards from the broken drill bit. The district court screened Echols' operative complaint, see 28 U.S.C. § 1915A, and dismissed it with the explanation that Echols' allegations are factually frivolous. On appeal, we conclude that Echols' allegations are quite plausible and state a claim for violation of the Eighth Amendment. We vacate the judgment and remand for further proceedings.

I.   *Factual and Procedural Background*

Because we review a dismissal on § 1915A screening, we treat the allegations in the complaint as true, but without vouching for their objective truth. Plaintiff Echols is a prisoner in the Stateville Correctional Center. He filed a pro se complaint alleging that Dr. Craig and Dr. Jaqueline Mitchell (another dentist employed by Wexford) were deliberately indifferent to the pain and potential for further injury caused by having the gauze and fragment of drill bit sutured into his gum. Dr. Craig had removed one of Echols' wisdom teeth and sewed up the extraction area.

According to Echols' initial complaint, when he returned to Dr. Mitchell nine days after the extraction to have the sutures removed, he complained of a metallic taste in his mouth, blood and pus oozing from the extraction site, a small

knot in the gum next to that site, and a lot of pain. But Dr. Mitchell, instead of ordering an X-ray, simply told Echols that these problems would go away. The next day Echols asked to see a dentist again because the pain had increased, but his request was denied. Three days after that, the initial complaint continued, a wad of gauze and a piece of metal drill bit (about one-half inch long) dislodged from Echols' gum while he was rinsing his mouth.

Dr. Mitchell then opened the extraction site and removed more gauze and a small piece of tooth root. Echols attached to this complaint a mostly illegible chart from the prison infirmary listing the dental services he received and a "Shakedown Record" confirming that Echols, fourteen days after the tooth extraction, gave prison staff a "Dental Drill Bit" and a "small piece of gauze." He also attached a grievance officer's decision substantiating his grievance about the incident and acknowledging that an "X ray was produced to verify objects were in grievant's mouth," and the Administrative Review Board's decision recounting Echols' allegation that, after the half-inch piece had worked loose, Dr. Mitchell had removed more of the broken bit from his gum after an X-ray.

The district court screened this complaint under 28 U.S.C. § 1915A and initially allowed it to proceed against both Dr. Craig and Dr. Mitchell. Later the court granted Dr. Mitchell's motion to dismiss for failure to state a claim. After the court had recruited counsel to assist Echols under § 1915(e)(1), he amended the complaint to drop Dr. Mitchell from the lawsuit. This amended complaint repeated the allegations in the initial complaint. As before, Echols claimed that Dr. Craig, by leaving the gauze and broken bit in the

extraction site and not following up on his condition, ignored an obvious risk and caused him more than two weeks of unnecessary pain.

On Dr. Craig's motion, the district court dismissed the amended complaint, again on the ground that it failed to state a claim of deliberate indifference. The court reasoned that in the revised version, Echols did not allege explicitly that Dr. Craig intended to cause him pain or that he knew about the gauze and broken drill bit in his gum. The court acknowledged that deliberate indifference can be inferred from treatment decisions that are far afield of accepted professional standards. The court found, however, that no such inference could arise in this case because Echols did not allege that Dr. Craig made a treatment decision to leave metal and gauze in the extraction site.

The district court gave Echols another chance to amend his complaint, which he did. But by then his lawyer had withdrawn. The second amended complaint (the pro se version at issue in this appeal) included new details. Echols alleges that during the tooth extraction, he heard a popping sound and that Dr. Craig, who was performing the procedure with Dr. Mitchell's assistance, responded to his inquiry by saying, "Gosh, the drill bit broke," and then, "Everything's okay." Dr. Mitchell asked Dr. Craig if he had the drill bit, and, according to Echols, Dr. Craig replied, "It broke." Dr. Craig then sutured the site after packing it with gauze, which, Echols maintains, is not done by dentists because gauze does not dissolve. Later that day, Echols continues, the infirmary was placed on lockdown when administrators learned that a drill bit was missing. Echols later complained to prison administrators and to Dr. Craig and Dr. Mitchell multiple

times that he tasted metal, had blood and pus oozing from the extraction site, and was in extreme pain, but his requests to be examined were ignored.

The second amended complaint includes additional information that Echols learned from personal investigation. An X-ray that Dr. Craig took after the extraction, says Echols in the complaint, shows the broken bit inside his sutured gum. Echols points to the favorable decision on his grievance and the line in that decision saying that an "X ray was produced to verify objects were in grievant's mouth." In the second amended complaint, Echols also alludes to the follow-up ruling of the Administrative Review Board, which implies that the X-ray was taken before Dr. Mitchell reopened the extraction site and shows more pieces of the bit still in his gum.

In screening Echols' second amended complaint under § 1915A, the district court called his allegations "factually frivolous" and dismissed the lawsuit with prejudice. The court began by acknowledging that the complaint "includes additional factual allegations which, if true, would suggest" that Dr. Craig had reason "to believe the drill bit was lost in Echols' mouth but sutured his wound nonetheless." Yet this scenario, the court asserted, was "fanciful and incredible" for three reasons. First, the new allegations were not mentioned in Echols' grievances or first two complaints even though these documents were quite detailed and one of the complaints was drafted by counsel. Second, the medical records attached to the complaint did not identify Dr. Mitchell as a participant in the initial procedure to extract the tooth. And, third, according to the court, Echols admitted that he was

"heavily sedated" during the procedure yet alleged he over-heard the conversation between the two dentists about the broken drill bit.

II. *Analysis*

On appeal, Echols argues that the district court erred by dismissing his Eighth Amendment claim against Dr. Craig as factually frivolous. He asserts that his additional allegations in the second amended complaint are consistent with the allegations in the earlier versions and are not implausible or frivolous.

A complaint cannot be dismissed under § 1915A as factually frivolous unless it rests on allegations that are clearly baseless, irrational, fanciful, or delusional. See *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016); *Edwards v. Snyder*, 478 F.3d 827, 829–30 (7th Cir. 2007). In our view, Echols' new allegations—those, which in the district court's view, raise the inference that Dr. Craig knew the broken drill bit was "lost" in Echols' gum when he sutured it closed—are quite plausible, not "factually frivolous."

Echols alleges that wadded gauze and at least one shard from the broken drill bit were in his sutured gum two weeks after the extraction. Echols attached supporting evidence to his complaint, though that should not be necessary at the pleading stage. Dr. Craig was the one using the drill. It takes no logical stretch to infer that he knew the bit was intact when he began and broken by the time he finished. According to Echols, Dr. Craig even announced during the procedure that the bit had broken. There is ample reason to think that Dr. Craig sutured the extraction site without having located the missing portion of the broken bit that was found two weeks

later. It also takes no logical stretch to infer that Dr. Craig likely knew that gauze and shards of the broken drill bit were still in the wound, or at least that he was deliberately indifferent to that possibility.

The additional allegations in the second amended complaint are consistent with what Echols had said all along in his grievances and first two complaints. Such new information may even be added on appeal so long as the additional allegations are consistent with the complaint. E.g., *Dixon v. County of Cook*, 819 F.3d 343, 349 (7th Cir. 2016); *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1147 (7th Cir. 2010); see also *Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772, 782–83 (7th Cir. 2013) (explaining that amended complaint supersedes earlier version, and that allegations and statements in superseded complaint cannot be considered on a motion to dismiss). The fact that Echols added them in the second amended complaint does not render them frivolous.

On the sedation point, Echols has never asserted that the extraction was performed under a general anesthetic, and the medical records submitted to the district court indicate that it was not. The district court went too far by inferring from the pleadings that Echols was too "heavily sedated" from a local anesthetic to hear, comprehend, and remember the conversation between Dr. Craig and Dr. Mitchell about the broken drill bit.

Dr. Craig argues that the complaint does not allege the knowledge, intent, or recklessness required to state a claim of deliberate indifference. See *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010); *Riccardo v. Rausch*, 375 F.3d 521, 525–26 (7th Cir. 2004). He made this argument in his motion to dismiss Echols' first amended complaint; he did not have a chance to

repeat it concerning the second amended complaint since the latter was dismissed on the court's own initiative. Thus, although the district court did not dismiss the second amended complaint and the lawsuit on this basis, Dr. Craig can seek affirmance on this ground, at least if there is a flaw that could not be corrected by further amendment. See *Dibble v. Quinn*, 793 F.3d 803, 807 (7th Cir. 2015); *Locke v. Haessig*, 788 F.3d 662, 666 (7th Cir. 2015).

We find, however, that the second amended complaint sufficiently alleges the subjective element of deliberate indifference. See *Rivera v. Gupta*, 836 F.3d 839, 842 (7th Cir. 2016); *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (en banc). We liberally construe Echols' second amended complaint and accept as true the factual allegations in that pro se submission, while drawing all reasonable inferences in Echols' favor. See *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). We have no difficulty concluding that Echols states a plausible claim of deliberate indifference. See *Dixon*, 819 F.3d at 350; *Perez*, 792 F.3d at 777. Echols alleges that Dr. Craig violated the Constitution when he "turned a blind eye to his serious medical needs." Dr. Craig knew he broke a drill bit during the extraction, Echols alleges, but sutured his gum without accounting for the broken pieces. Echols also alleges that Dr. Craig, after suturing part of the broken bit into his gum, obtained an X-ray that confirmed its presence but did nothing to address the problem.[1] Additionally, Echols

---

[1] We reject Dr. Craig's assertion that this allegation is contradicted by documents submitted with Echols' complaint. The initial decision on Echols' grievance states, "An X ray was produced to verify objects were in grievant's mouth." The follow-up decision from the Administrative Review Board, in recounting the factual underpinnings of Echols' grievance, explains that an X-ray taken when Echols returned to the

plausibly alleges that Dr. Craig packed into the extraction site non-soluble gauze (it must have been non-soluble if it was removed two weeks later) and then sutured the wound with this foreign material inside. Nothing at this stage conclusively rebuts Echols' plausible allegation that suturing the drill bit and gauze into his mouth was far afield of accepted professional medical standards or the inference that it was so far afield that a jury might infer the action was not merely negligent, which would not violate the Eighth Amendment, but reflected deliberate indifference, which would.

Echols' allegations are sufficient to put Dr. Craig on notice of the claim. See Fed. R. Civ. P. 8(a); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403–04 (7th Cir. 2010). Echols sufficiently alleges that Dr. Craig's actions were so inappropriate that the lawsuit cannot be dismissed at screening. See *Dixon*, 819 F.3d at 350 (complaint alleging that prison physician and nurse offered only non-prescription pain medication despite knowledge of a chest tumor, intense pain, and partial paralysis stated claim for deliberate indifference); *Perez*, 792 F.3d at 777 (complaint alleging that prison physician and nurse forced inmate to wait for treatment of gaping wound and open dislocation despite knowledge of injury's severity stated claim for deliberate indifference); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 830 (7th Cir. 2009) (complaint alleging that emergency

---

infirmary revealed that still more of the drill bit was sutured into his gum. These documents might be referring to a single X-ray taken after the half-inch shard came out of Echols' mouth, or the separate decisions might be referring to different X-rays. But either way, the two decisions do not conclusively undermine Echols' allegation that Dr. Craig took an X-ray of his mouth immediately after the extraction. See *Atkins v. City of Chicago*, 631 F.3d 823, 831–32 (7th Cir. 2011).

medical technician failed to remedy incorrectly inserted intravenous needle after inmate complained of pain stated claim for deliberate indifference even if initial insertion was only negligent); *Edwards*, 478 F.3d at 830–31 (complaint alleging that prison physician forced inmate to wait two days before treating fractured bone showing through open wound stated claim for deliberate indifference).

Accordingly, the district court's judgment is REVERSED and the case is REMANDED for further proceedings.