**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2018[*]
Decided March 23, 2018

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 16-4241

| | |
|---|---|
| RUFUS EDWARD JONES, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 16-cv-00386-SMY |
| SPARTA COMMUNITY HOSPITAL, et al., *Defendants-Appellees*. | Staci M. Yandle, *Judge*. |

**O R D E R**

Rufus Jones, an Illinois parolee, was arrested and sent back to prison with five months of his parole term remaining. While awaiting his final revocation hearing, Jones dwelled in prison for almost six months, and ultimately beyond his original projected discharge date. After Jones was acquitted and released, he brought suit

---

[*] The defendants were not served with process in the district court and are not participating in the appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

against fifteen defendants under 42 U.S.C. § 1983. At screening, the district court dismissed Jones's amended complaint for failure to state a claim. We affirm.

We review de novo the district court's dismissal of the amended complaint. *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). We liberally construe Jones's pro se complaint and accept its factual allegations as true, while drawing all reasonable inferences in his favor. *See Echols v. Craig*, 855 F.3d 807, 812 (7th Cir. 2017). And because Jones now elaborates on the factual allegations in his amended complaint, and his elaborations are consistent with the pleadings, we consider that information in our review. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785–86 (7th Cir. 2014).

Jones was sentenced to two years' imprisonment for aggravated battery in a public place. He served his first year in prison and then was released on parole for the remainder of his term. After Jones completed seven months of parole, on July 26, 2014, his ex-wife complained to the police that Jones had choked her. That same day, police officers arrested Jones at his home without a warrant. One month later, a state's attorney informed the state criminal court that Jones had committed aggravated domestic battery, thereby opening a criminal case against Jones.

Jones waived his right to a preliminary parole-revocation hearing, and was taken to Centralia Correctional Center to await his full revocation hearing before the Prison Review Board. This hearing was originally scheduled for September 3, but it was postponed for reasons that are unclear to us. Jones inquired when the hearing would be rescheduled, and he was told that it was continued pending a December court hearing in the domestic-battery case. On December 17, six days before Jones's projected discharge date, the state court issued a warrant for Jones's arrest for domestic battery.

December 23, Jones's original projected discharge date, came and went. By December 29 Jones was still in prison, and so he filed an emergency grievance. On his grievance form the assigned counselor stated in response: "Per the Record office supervisor, S. Waggoner, your time stopped when your warrant was issued. Once you see the PRB and they reach a decision, you will get a discharge date calculation. . . . you can't be released until they reach a decision."

The Prison Review Board held Jones's full revocation hearing on January 8, 2015. We do not know the outcome, but on January 15, Jones was transferred from Centralia to the Randolph County Sheriff's Office pending the trial on the domestic-battery charge. He stayed in the Sheriff's custody until a jury found him not guilty in May 2015.

Jones then sued fifteen defendants under 42 U.S.C. § 1983, including prison officials, state's attorneys, his public defender, police officers, his ex-wife, and the hospital where she was treated after the alleged domestic-battery incident. He primarily brought claims under the Fourth, Eighth, and Fourteenth Amendments, as well as under state law (such as conspiracy). At screening, the district judge dismissed Jones's first complaint for failure to state a claim, *see* 28 U.S.C. § 1915A(b)(1), and directed him to include more factual allegations to flesh out his claims in an amended complaint.

Jones filed an amended complaint. That pleading was a "nearly a verbatim recitation of his original complaint," with no additional information. So the judge dismissed Jones's complaint with prejudice "for failure to comply with an order of the court, and thus for failure to state a plausible claim for relief."

Perhaps Jones's strongest argument is that he stated a claim that his Eighth Amendment rights were violated when he was imprisoned for a parole violation beyond his date of discharge. An Eighth Amendment violation occurs when a prisoner is held beyond his incarceration term "without penological justification, and . . . the prolonged detention [i]s the result of the defendants' deliberate indifference." *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014) (internal quotations omitted). Once the warrant for Jones's arrest for domestic battery was issued on December 17, 2014, his term of parole was tolled until his final revocation hearing, which occurred on January 8. *See* 730 ILCS 5/3-3-9(b); 20 ILL. ADMIN. CODE § 1610.150(h). He was then released from Centralia on January 15. In other words, his parole term was tolled six days before it was set to expire; it restarted after the revocation hearing and ended six days later. But he was released seven days after his final revocation hearing, and so plausibly was held for one day too long.

That day matters only if Jones's delayed release resulted from a defendant's deliberate indifference. To support his contention that certain defendants acted with that state of mind, Jones attached to his amended complaint, and therefore incorporated, the emergency grievance he filed on December 29. That form shows that Centralia's Record Office Supervisor, Stephanie Waggoner, was aware that he was imprisoned while his parole term was tolled. But that does not allow an inference that she, or any other defendant, was on notice that Jones would remain imprisoned after the clock ran out on his parole weeks later. At the time Jones submitted his grievance, his imprisonment for the parole violation was legitimate. And Jones has not identified

who was personally responsible for delaying his release after his hearing. The district court properly dismissed Jones's Eighth Amendment claim.

The judge appropriately dismissed the rest of Jones's claims as well. First, even if Jones was held past his release date, his Fourteenth Amendment claim fails because he had adequate and available state-court remedies. *See Armato*, 766 F.3d at 721–22; *Toney-El v. Franzen*, 777 F.2d 1224, 1228 (7th Cir. 1985). Second, Jones alleges that police officers arrested him at his home without probable cause when they relied on domestic-battery accusations from his ex-wife. But "probable cause just means a good reason to act . . . it does not mean certainty, or even more likely than not, that a crime has been committed." *Hanson v. Dane Cty., Wis.*, 608 F.3d 335, 338 (7th Cir. 2010). Jones's ex-wife's accusations gave the police probable cause, *see Askew v. City of Chicago*, 440 F.3d 894, 895–96 (7th Cir. 2006). So Jones cannot state a claim against the officers who arrested him, or against the state's attorney who advised the officers to arrest him. And third, Jones's claim that there was a "conspiracy" between all defendants to deprive him of Fourth and Fourteenth Amendment rights, without more, is merely a legal conclusion. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

Jones's remaining arguments are waived because he did not present them first to the district court. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011).

We last note that before entering a dismissal with prejudice, the district judge never addressed Jones's state-law claims, and therefore impliedly relinquished supplemental jurisdiction over them.

AFFIRMED