NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2018[*]
Decided December 14, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 16-4150

| | |
|---|---|
| JEFFERY MITCHELL, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 16-1042 |
| | |
| MARY RICHARD, *et al.*, | Michael M. Mihm, |
|     *Defendants-Appellees*. | *Judge*. |

## O R D E R

Jeffery Mitchell, an Illinois prisoner, acting *pro se*, makes a constitutional case out of his unfortunate breakup with his girlfriend. Mitchell alleges that officers at Pontiac Correctional Center told Mitchell's cellmate, Andrés Reyes, to pack up Mitchell's belongings from his property storage boxes for his transfer to another prison facility. Unsupervised, Reyes pilfered Mitchell's personal property, including private correspondence and photographs of Mitchell's girlfriend, Genina Johnson. With the

---

[*] We have agreed to decide the case without oral argument because the appellate brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

intelligence gained from his plunder, Reyes wrote to Johnson, complimenting the photographs of her and impugning Mitchell's character to persuade her to desert Mitchell. Eventually, she did.

Mitchell sued the officers under 42 U.S.C. § 1983 for violations of his rights to privacy under the Fourth Amendment and due process and equal protection under the Fourteenth Amendment, as well as violations of state law. Consistent with the screening procedures of 28 U.S.C. § 1915A, the defendants were not served with process in the district court and are not participating in this appeal. However, for the purposes of these proceedings the allegations in Mitchell's complaint are treated as true. *Echols v. Craig*, 855 F.3d 807, 809 (7th Cir. 2017).

On June 15, 2016, upon screening of the complaint pursuant to 28 U.S.C. § 1915A, the district court dismissed the complaint for failure to state a claim, and assessed a strike, *see id*. § 1915(g). The district judge determined that Mitchell had no reasonable expectation of privacy in his cell and that the officers' negligent loss of his personal property did not violate the Constitution. Further, the court concluded, Mitchell could not bring a federal constitutional claim for alleged violations of Illinois prison regulations. Judgment was entered in accordance therewith on June 16, 2016.

On July 16, 2016, Mitchell moved under FED. R. CIV. P. 59(e) to alter or amend the judgment. Consistent with the original determination in the merits screening, the district court denied Mitchell's motion to alter or amend the judgment.

We review the dismissal of Mitchell's complaint *de novo*, s*ee McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010), and the denial of his post-judgment motion for abuse of discretion, *see Doe v. Village of Arlington Heights*, 782 F.3d 911, 914 (7th Cir. 2015). Because Mitchell fails to assert a federal claim, we affirm.

In his appeal, Mitchell initially raises the argument "never decided by the federal judiciary," that prisoners have a right to privacy in their personal effects "in relation to other inmates." He argues that the correctional officers violated this right by directing his cellmate to pack his belongings, unsupervised, which led to the theft of his possessions. As an initial matter, Mitchell's assertion that the express right to privacy conferred by Article I § 6 of the Illinois Constitution is enforceable under 42 U.S.C. § 1983, because it is similar to the right of privacy under the United States Constitution as interpreted by the courts, is incorrect. Mitchell cannot enforce a provision of the

Illinois Constitution by suing under section 1983, which vindicates violations of *federal* law by state actors.

As for his federal constitutional claim, Mitchell invokes Fourth Amendment principles, not an implied right to privacy. Mitchell recognizes the settled precedent that, for purposes of the Fourth Amendment, prisoners have no reasonable expectation of privacy in their personal effects. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). But he says that this principle applies only against prison officials, not "in relation to other inmates"; in other words, his cellmate could violate his right to privacy although the officers could not. This is wrong because, with few exceptions, the Constitution protects citizens from government action, not the actions of private individuals. *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). And, even if we assumed that Reyes, acting in cahoots with the correctional officers, were a "state actor," *see Wilson v. Warren County*, 830 F.3d 464, 468 (7th Cir. 2016), then Mitchell runs right back up against the proposition he concedes: he has no reasonable expectation of privacy under the Fourth Amendment "as to prison security officers."

Next, Mitchell contends that the theft of his personal belongings violated his procedural due-process and equal-protection rights under the Fourteenth Amendment. This confusing due-process claim appears premised on the notion that Illinois statutes and prison regulations created an enforceable "liberty interest" with mandatory language that reserves only to the inmate the ability to pack his own items. Mitchell argues that the officers violated this right, without notice or any procedural safeguards. But a state actor's violations of state law do not form the basis of a federal constitutional claim. *Garcia v. Kankakee Cty. Hous. Auth.*, 279 F.3d 532, 535 (7th Cir. 2002). Moreover, Mitchell does not allege that the officers intended to deprive him of his belongings; he argues that they were negligent in letting Reyes pack them unsupervised. The Due Process Clause does not apply to the negligent acts of prison officials that cause unintended property loss. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). As for the equal protection claim, Mitchell does not develop an argument that the officers singled him out for discriminatory treatment. *See Home Care Providers, Inc. v. Hemmelgarn*, 861 F.3d 615, 625 (7th Cir. 2017) (explaining that undeveloped appellate arguments are waived).

Finally, although he generally challenges the district court's denial of his motion to alter or amend the judgment, Mitchell does not argue that he established a manifest error of law or presented newly discovered evidence warranting relief. *See* FED. R. CIV. P. 59(e); *Anderson v. Catholic Bishop of Chicago*, 759 F.3d 645, 652–53 (7th Cir. 2014). He rests on the same arguments made in opposition to the dismissal.

We have considered Mitchell's remaining arguments, but none merits further discussion. The district court's judgment is AFFIRMED.