NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 17, 2022[*]
Decided November 22, 2022

**Before**

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

JOHN Z. LEE, *Circuit Judge*

No. 20-3377

| | |
|---|---|
| DAVID W. LINDER, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Southern District of Indiana, |
| | Terre Haute Division. |
|     *v.* | |
| | No. 2:20-cv-00037-JPH-MJD |
| ANNE MILGRAM, | |
| Administrator, United States Drug | James Patrick Hanlon, |
| Enforcement Administration,[†] | *Judge.* |
|     *Defendant-Appellee.* | |

**O R D E R**

David Linder, a federal prisoner, sued the Drug Enforcement Administration and sought a declaratory judgment that certain regulations were invalid. The district

---

[*] The appellee was not served with process and is not participating in this appeal. We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

[†] The complaint lists only "DEA Administrator" as the defendant. Anne Milgram currently serves in that role, and we have updated the caption accordingly.

court screened his complaint pursuant to 28 U.S.C. § 1915A(a) and dismissed it for lack of standing. We affirm.

In 2005, a jury convicted Linder of, among other things, conspiring to distribute two hallucinogenic drugs (5-MeO-DIPT and AMT), and Linder received a life sentence. *United States v. Linder*, 200 F. App'x 186, 187 (4th Cir. 2006); *Linder v. Kreuger*, No. 1:15-CV-01055-SLD, 2017 WL 5011879, at *1 (C.D. Ill. Nov. 2, 2017). Around this time, the DEA had temporarily placed those drugs on Schedule I, reflecting its judgment that they were "an imminent hazard to the public safety." 21 U.S.C. § 811(h)(1); *see* Schedules of Controlled Substances: Placement of AMT and 5-MeO-DIPT Into Schedule I of the Controlled Substances Act, 69 Fed. Reg. 58,050-01, 58,050 (Sept. 29, 2004) (to be codified at 21 C.F.R. § 1308.11). Later, the DEA permanently placed those substances on Schedule I, where they remain today. *See* Placement of AMT and 5-MeO-DIPT Into Schedule I, 69 Fed. Reg. 58,050-01; 21 C.F.R. § 1308.11(d)(16), (20).

Linder sued the DEA Administrator 15 years later. He argued that § 811(h) required the DEA to place all temporarily scheduled drugs on Schedule III; thus, he maintains, the DEA unlawfully placed the drugs on Schedule I. (He cited a Senate report indicating that temporarily scheduled drugs could be placed on Schedule III. *See* S. REP. NO. 98-225, at 264 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3446.) He sought a judgment declaring that the DEA cannot temporarily schedule drugs in Schedule I and a court order requiring the DEA to publish a correction in the *Federal Register*.

The district court screened Linder's complaint and dismissed it. *See* 28 U.S.C. § 1915A(a). Initially, the court worried that the relief Linder sought would imply that his sentence was invalid, thereby implicating *Heck v. Humphrey*, 512 U.S. 477 (1994). Linder responded that he was not trying to challenge his conviction. Instead, he said he had a "future interest in not being subjected to the DEA's misrepresentation" and wanted to "clear the way" to practice his religion upon release from prison. With that clarification, the district court dismissed Linder's complaint for lack of standing. The court concluded that Linder's only claim of injury was a speculative future harm that was insufficient to confer standing.

On appeal, Linder insists that he has standing. He argues that the DEA's previous temporary placement of the substances on Schedule I will—out of his fear of harsher punishment from the (supposedly wrongful) Schedule I designation—impede his future activities in two ways. First, he will refrain from the economic activity of

manufacturing and selling the substances. Second, he will abstain from the religious activity of using them.

These arguments do not supply Linder with standing to sue. To have standing, he must allege that he plans to engage in illegal conduct and that wrongful prosecution of that conduct is imminent. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159–60 (2014); *File v. Martin*, 33 F.4th 385, 389 (7th Cir.), *petition for cert. filed sub nom. File v. Bost*, No. 22-95 (U.S. Aug. 1, 2022). Linder challenges the validity of the DEA's *temporary* placement of two substances on Schedule I, but the DEA *permanently* placed them on Schedule I almost two decades ago. Moreover, he did not allege in his complaint, *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992), or in his brief on appeal, *see Echols v. Craig*, 855 F.3d 807, 811 (7th Cir. 2017), that he plans to possess, manufacture, or sell a drug that is currently subject to temporary scheduling. Finally, because Linder is serving a life sentence, it is speculative whether the DEA's scheduling decisions can ever affect his desired plans for these drugs outside of prison. *See Lujan*, 504 U.S. at 560 (injury-in-fact cannot be "conjectural").

Alternatively, Linder argues that he has standing because the DEA's misreading of 21 U.S.C. § 811(h) has subjected thousands of people to unlawfully long sentences. But Linder's interest in the proper application of the law to others does not confer standing on him. *Carney v. Adams*, 141 S. Ct. 493, 498 (2020); *Payton v. Cnty. of Kane*, 308 F.3d 673, 682 (7th Cir. 2002).

AFFIRMED